Staszak, Appellant, *v.* Seibel.

Argued September 30, 1960.   Before Jones, C. J., Bell, Musmanno, Jones, Cohen, Bok and Eagen, JJ.

*Gene K. Lynch*, with him *Leonard J. Paletta*, and *McArdle, Harrington & McLaughlin*, for appellants.

*Frederick N. Egler*, for appellee.

OPINION BY MR. JUSTICE BOK, November 15, 1960:

The jury returned a verdict for defendant and plaintiff moved for a new trial, which the court below refused. Judgment was entered on the verdict and the plaintiff appealed.

Five boys were walking north, down hill, on Whitaker Way, in Allegheny County, going for recreation to a boy's club. The accident happened near an S-curve in the road, and the jury was faced with two versions: one, that the boy was hit while walking on the curbstone by the fender of the car sweeping across it, and the other, that the boy moved off the curbstone into the side of the car.

Plaintiff, then twelve and a half years old, was admittedly walking on the curb against traffic, with his left arm on the shoulder of a companion who was walking to his left on a path where ashes were dumped in lieu of a solid sidewalk. The other boys were strung out ahead and did not see the accident. Plaintiff said explicitly that he remained on the curb, which was 7½ inches wide and 8 inches high and did not step from it into the street. The two-lane road was 38 feet 6 inches wide. The boy on whom plaintiff was leaning testified that the wheels of the car did not mount the curb but that the fender swept over it, picked plaintiff up, and after carrying him two car lengths let him fall in the street. One of the boys said that he saw the car a little close to him and by instinct stepped from the curb into the ash path. The accident happened on April 9, at about seven o'clock in the evening when it was dark, and oncoming cars, including the defendant's, had their headlights on.

This version was rejected by the jury, which chose to believe the defendant.

Defendant testified that he saw the group of boys when he was fifty to sixty feet from them. He was

going steeply uphill at 25 to 30 miles per hour. He said: "As I went by the boy [plaintiff] there was an awful thud. I heard the thud and I stopped the car." He then got out, seeing nothing in front of his car, and found the plaintiff to the rear. When he asked the boy what had happened, he said: "I pulled away from my friend." His headlights were alight and he was driving two to three feet from the curb as he passed the boys, and he said that he was alert to the possibility of coming too close to the curb. He specifically denied that his bumper hit the boy and said that: "it did not happen that way." The implication is obvious that plaintiff stepped off the curb into the side of the car.

Since there was evidence to support both versions, it is not our province to upset the jury's choice. There is nothing weightier than this, despite counsel's argument that defendant's negligence was wanton and that the jury must have been confused, prejudiced, or biased. We feel that there was no such thing in the case and nothing beyond the usual issue of credibility over factors involving ordinary negligence.

Plaintiff suggests one trial error, that the trial judge failed to specify the doctrine of contributory negligence as it applies to a boy twelve and a half years old. No objection was made to the charge on contributory negligence generally and counsel, though invited, had no objections or corrections to offer at the end.

We feel that the element whose lack is now asserted is adequately covered in the charge and in the testimony. The plaintiff appeared and testified, and his age was known to the jury. He said: "Most of the time I would walk on the curb because I have a habit of walking on the curb. . . . And I knew the danger of traffic." In his charge the trial judge said this, speak-

ing of the defendant: "He claims that it was what we call a 'darting out', the boy must have darted out. . . .

"If a person suddenly darts out from a highway, except as to [especially?] children, the law is if you see children playing on a sidewalk at any particular point, then a driver of a motor vehicle . . . has to observe a degree of care taking into account the fact that children are likely to step out or dart out heedlessly into their path."

We think that this adequately suggests the basic difference between the conduct of a child and that of an adult. Had counsel wanted greater refinement he could have asked for it: see *James v. Ferguson*, 401 Pa. 92 (1960), 162 A. 2d 690. If, under the guise of fundamental error, we grant new process because a better formula could conceivably be found for legal conceptions, there would be no end to litigation.

We see no clear error of law or palpable abuse by the court below of its discretion: *Super v. West Penn Power Co.*, 392 Pa. 159 (1958), 140 A. 2d 20.

The judgment is affirmed.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

Wesley Staszek, 12½ years of age, was walking along Whitaker Way, a road in Munhall, Allegheny County, when he was struck by an automobile being operated by the defendant Forde E. Seibel. Through his father and natural guardian he brought an action in trespass against Seibel and at the ensuing trial the jury returned a verdict for the defendant. Through his counsel, he now asks for a new trial alleging that the trial judge failed to instruct the jury on the law regarding contributory negligence as it applies to children. I believe the plaintiff's position is well taken.

It is elementary law in tort litigation that minors are not held to the same degree of care as that required of adults. In *Parker v. St. Railways Co.*, 207 Pa. 438, 441, this Court said: "The measure of a child's responsibility for contributory negligence is his capacity to understand and avoid danger. . . The standard of responsibility is the average capacity of others of the same age and experience, and to this standard a child should be held in the absence of evidence on the subject."

In the case of *Dynes v. Bromley*, 208 Pa. 633, the minor plaintiff was 13 years of age. This Court said: "The measure of the boy's responsibility for contributory negligence is his capacity to understand and avoid danger. The standard of responsibility to which, in the absence of evidence on the subject, he will be held is the average capacity of others of the same age."

The trial court charged on none of this. On the basis of instructions from the court, the jury could well have believed that a 12½ year-old boy was held to the same degree of responsibility as a grown person. Of course, that is not the law.

The Majority Opinion of this Court, in affirming the refusal of a new trial, says: "The plaintiff appeared and testified, and his age was known to the jury." But that is not the point in the case. Certainly the jury could and did see the boy Wesley but no one told them that at 12½ years of age, Wesley was not to be held to the same responsibility as a person 22½, or 17, or even 14.

The trial court charged the jury: "Now, we speak of contributory negligence. The same definition applies to that, but it means any negligence on the part of the plaintiffs in the action which contributed to the happening of the accident through that plaintiff's negligence or lack of due care on his part. And the law of

Pennsylvania is if there is contributory negligence then there can be no recovery, no matter how slight that contribution might be."

This is strong language. It says "any negligence" on the part of the plaintiff, this young boy; it says that "no matter how slight" the boy's negligence might be, he may not recover. But a "slight negligence" as here indicated could well absolve a 12½-year-old boy from contributory negligence even though it could prevent a 22½-year-old man from recovering.

The trial judge also said: "If a person suddenly darts out from a highway, except as to children, the law is if you see children playing on a sidewalk at any particular point, then a driver of a motor vehicle or automobile has to observe a degree of care taking into account the fact that children are likely to step out or dart out heedlessly into their path."

In quoting this language the Majority Opinion adds a word. It says: "If a person suddenly darts out from a highway, except as to [especially?] children, etc." But the jury did not have the benefit of this Court's retroactive intuition and addition. But even if it had, the amended charge would still not tell the jury about the degree of care expected of 12½-year-old children.

After quoting the language above indicated, the Majority Opinion says "We think that this adequately suggests the basic difference between the conduct of a child and that of an adult." I don't think it does. As a matter of fact, I don't think that the language suggests anything which is at all useful to the case because it speaks of "children playing on a sidewalk." There is no evidence, and it was not alleged by anyone that Wesley was "playing on a sidewalk." Wesley was walking along a road.

The failure of the court to charge on the subject of contributory negligence as it applies to children was

a basic and fundamental error in this case and even though plaintiff's counsel took no exception to the charge, the plaintiff is still entitled to a new trial. In *White v. Moore*, 288 Pa. 411, 417, we said: "Just what errors are to be considered basic or fundamental must necessarily depend upon the facts of each case."

Since the facts in the case at bar had to do with a 12½-year-old child, I cannot conceive of anything being more fundamental and basic than charging on the degree of care to be exercised by a 12½-year-old child.

The Majority Opinion supports its refusal of new trial with the statement: "If, under the guise of fundamental error, we grant new process because a better formula could conceivably be found for legal conceptions, there would be no end to litigation."

This is not *"guise* of fundamental error." It is *actual* fundamental error. I would grant a new trial and not worry about there being "no end to litigation." Litigation should end when justice has been achieved and not when a boy is abandoned as he walks along the road to a hoped-for fair trial.