## Eisert, Appellant, v. Jones.

74

Argued March 14, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Gerald A. McNelis, Sr.,* with him *John G. Gent,* and *McNelis, McNelis & Arduini,* and *Curtze & Gent,* for appellant.

*Irving Murphy,* with him *Gifford, Graham, Mac-Donald & Illig,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, July 2, 1962:

The case at bar arises out of a collision which occurred on November 23, 1959, at the intersection of West Eleventh and Plum Streets in the city of Erie. As a result of this collision, Donald B. Eisert sustained personal injuries from which he died, and plaintiff-appellant, as administratrix, brought suit against defendants-appellees under the wrongful death and

survival acts. A jury trial resulted in a verdict for the defendants, but on plaintiff's motion a new trial was granted. We affirmed the award of a new trial when defendants appealed that action here. *Eisert v. Jones,* 399 Pa. 204, 159 A. 2d 723 (1960).

The matter was retried and once again a defense verdict was returned. Plaintiff's motion for a new trial was refused and judgment was entered for defendants on the verdict. It is from the entry of the judgment that plaintiff appeals.

Appellant contends that the court below erred in refusing to allow her to prove the circumstances under which Mrs. Jones gave a statement to the police the day of the accident; that the court below erred in permitting Mrs. Jones to testify as to the speed of the vehicle being operated by appellant's decedent; that the court below erred in affirming defendants' point for charge to the effect that the operator of a vehicle on a through street may not rely blindly on a stop sign; and that the verdict is against the weight of the evidence and the uncontradicted physical facts.

The tragic incident which gave rise to this litigation occurred in the midst of a heavy snow squall which coated the roads with slush and lessened visibility considerably. Mrs. Jones was driving north on Plum Street in the direction of Eleventh Street. Eleventh Street is a through highway at this intersection and Plum Street is controlled by a stop sign. Mrs. Jones stopped at the stop sign and then drifted forward to the south curb line of Eleventh Street in order to discover whether there was any traffic on that artery. There were cars parked to the corner along the south side of Eleventh west of Plum. When Mrs. Jones reached the curb line, she observed the vehicle of the decedent approaching from West to East on Eleventh toward Plum. She braked and, viewing the evidence in the light most favorable to her, was stopped when

the right rear of decedent's vehicle struck the front of hers. Decedent's vehicle then went out of control and overturned.

Approximately two hours after the event, Mrs. Jones gave a statement to Erie police officers from which there is at least an inference possible that she struck decedent's truck rather than the reverse. This statement was introduced in evidence and defendant did not repudiate it. In order to explain the apparent inconsistency between the statement and her testimony at trial, Mrs. Jones testified that she was confused and upset at the time she made her statement to the police. Appellant now complains that she was denied an opportunity to develop the circumstances surrounding the taking of the statement to show that Mrs. Jones was not upset. The record does not substantiate this complaint. The court did not prevent an examination into the circumstances of the taking of the statement and the record shows that plaintiff was permitted a lengthy and complete cross-examination of the defendant on the subject.

Appellant next contends that the only evidence of excessive speed on the part of the decedent "is based on the fleeting glance of a witness" and that "a finding of operative negligence on the part of plaintiff's decedent" ought not to be permitted to stand on such evidence. We must observe initially that neither appellant nor we can state whether the jury found appellant's decedent negligent or defendant free of negligence. Secondly, there is evidence from which the jury could have found that the decedent was proceeding at an excessive rate of speed under the circumstances, and this finding would not depend solely upon an estimate based on a fleeting glance. Mrs. Jones estimated the speed of decedent's vehicle at 30 to 35 miles per hour. From her testimony the jury could readily infer that she observed that vehicle for some 40 to 45

feet prior to the impact and some 40 to 50 feet thereafter. The weight to be given to this estimate was for the jury which was properly instructed as to how to determine the validity of that estimate. A careful review of the record leads us to agree with the statement of the court below that "There was evidence from which it could logically be deduced that the decedent entered what was virtually a blind intersection during a blinding snowstorm at a high rate of speed; that he either did not see the defendant's vehicle which had already reached the intersection and was proceeding into it at a crawl, or having seen it negligently proceeded onward without attempting to stop or evade a collision. Whether he proceeded in a straight line, did not skid, etc., as the assignment suggests, depended upon a deduction made by plaintiff from oral testimony and circumstantial evidence which the jury was not bound to accept. This was a clear case for the jury on both negligence and contributory negligence . . ."

Appellant next urges that there was error in the affirmance of defendants' second point for charge. The point is as follows: "An operator of a vehicle on a through highway may not, notwithstanding his superior right of way, rely blindly upon an assumption that the operator of a vehicle on an intersecting street will obey the law; he must be reasonably vigilant to observe traffic conditions on the intersecting highway, and if he carelessly ignores the approach of a vehicle after he sees or should have seen that it was not in fact stopped before entering the through highway, he may be found guilty of negligence." At other places in the charge, the following appear: "He was on a through street and he had the right to assume, in the absence of evidence to the contrary, that all persons traversing Eleventh Street on one of the intersecting streets would stop in obedience to the mandate of the stop signs which were there present. He had the right to assume

that. He didn't have to anticipate that someone would run through a stop sign and present a hazard to him.

"[But] as I said before, the driver on such a street may properly assume that all persons on intersecting streets will observe the mandates of the law and the stop signs and will stop and look, unless there is something about the movement of a car which he sees which indicates no intention to stop."

"Donald Eisert, driving eastward on Eleventh Street, a through one-way street, would have a right to assume that Mrs. Jones, on a cross-street, would obey the through traffic stop sign, and yield the right of way, and particularly is this true if Mrs. Jones was traveling slowly, and reduced her speed, or was apparently stopping." In view of the last quoted portions of the charge, we fail to see how plaintiff was prejudiced by the affirmance of defendants' point for charge. The case involves a collision at a controlled intersection and the charge does nothing but give to the jury the applicable law on the subject.

The final argument advanced for the grant of a new trial is that the verdict is against the weight of the evidence and the uncontradicted physical facts. The inferences to be drawn from the evidence were for the jury. A new trial should not be granted because of a mere conflict in testimony or because the trial judge on the same facts would have arrived at a different conclusion. Nor should it ordinarily be granted on the ground that the verdict was against the weight of the evidence where the evidence is conflicting and the jury might have found for either party. *Carroll v. Pittsburgh*, 368 Pa. 436, 84 A. 2d 505 (1951). A new trial may be granted where there has been a capricious disregard by the jury of persuasive testimony, or where the jury's verdict is so contrary to the evidence as to shock one's sense of justice. *Londrino v. Equitable Life Assurance Society*, 377 Pa. 543, 105 A. 2d 333

(1954). *Koch v. Imhof,* 315 Pa. 145, 172 A. 672 (1934) clearly states the scope of our review in this regard as follows: "Ordinarily, we are not interested in, nor will we consider the weight of the evidence on the one side or the other, as shown by the record of a trial in the court below; that was a subject for the jury primarily, for the court below secondarily, and, in the absence of a clear abuse of discretion, is not, on appeal, a matter for review. . . . Hence, one who asserts that a trial judge abused his discretion in granting or refusing to grant a new trial, has a heavy burden to carry; too heavy, indeed, unless he can show a clear abuse of discretion by the court below."

There is nothing in the present case to indicate any abuse of discretion. The evidence is conflicting but from it the jury could and did find that defendants' version of the accident was the correct one. They obviously believed that Mrs. Jones was stopped and that decedent's truck, travelling at a speed too great for the existing conditions, veered from its straight path and came in contact with the front of the Jones car with sufficient force to cause decedent to lose control of the vehicle travelling over a snowy, slushy street. There is evidence to support this hypothesis and we will not disturb it.

Judgment affirmed.

Mr. Justice MUSMANNO dissents.