Berkeihiser *v.* DiBartolomeo, Appellant.

Argued April 18, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*G. Clinton Fogwell, Jr.,* with him *Melva L. Mueller,* and *Reilly and Fogwell,* for appellant.

*Richard Reifsnyder,* with him *MacElree, Platt, Marone & Harvey,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 7, 1964:
This appeal arises out of a collision of two automobiles going in opposite directions on a narrow rural road. Appellee was operating her automobile, with her mother a passenger, southbound on Route 841, about a mile north of West Grove, Chester County. Appellant was driving alone, northbound. It was early in the afternoon of February 18, 1961. There was a thick fog at the time of the collision which interfered with the visibility of both drivers. Both cars were proceeding with their headlights burning. On the west side of the highway, to the right of appellee's car, there

existed a snow bank about the height of her car and extending onto the paved portion of the roadway about eight inches. There was snow on the east side of the highway but it did not extend onto the paved portion of the highway, nor did it cover the berm to the extent of preventing vehicles from using the berm. The automobiles collided, injuring the appellee and immediately killing her mother. Both drivers were injured, the appellee more so than the appellant. Both cars were totally destroyed.

The jury awarded plaintiff-appellee the amount of $38,920.64. The defendant-appellant filed motions for judgment n.o.v. and for a new trial. The court denied the motion for judgment n.o.v. and denied the motion for new trial on the issue of liability, granting the new trial confined to the issue of the amount due the appellee by reason of the appellant's negligence. This appeal followed.

Appellant contends there was insufficient evidence, as a matter of law, to establish his negligence. The record discloses a conflict in the evidence presented. The appellee presented testimony to indicate that the appellant drove his car into appellee on her side of the road, while she was as near as possible to the snow bank on her right. She testified that she was stopped, or just about stopped, at the time of the collision, when she saw the other car coming toward her. The appellant presented evidence to show that his car was off the highway, on the east side, on the berm at the time of the collision, and that the appellee was on her wrong side of the road. The highway was a black top road about fourteen and a half feet wide. There was one witness to the collision who was operating her automobile southbound following the appellee. The testimony of the parties was in conflict to the extent that each called this witness to corroborate the litigant's version of how the collision occurred.

. . . In considering a motion for judgment n.o.v., the evidence together with all reasonable inferences therefrom, are considered in the light most favorable to the verdict winner. *Chambers v. Montgomery,* 411 Pa. 339, 192 A. 2d 355 (1963); *Ischo v. Bailey,* 403 Pa. 281, 169 A. 2d 38 (1961); *Staszak v. Seibel,* 401 Pa. 494, 165 A. 2d 1 (1960). Viewing the evidence in this light, the court below properly refused the motion for judgment n.o.v. The factual issue was clearly for the jury. *Eisert v. Jones,* 408 Pa. 73, 182 A. 2d 717 (1962).

The appellant assigned as error the granting of the new trial limited to the issue of damages only. The trial judge found the verdict to be excessive and would have ordered a remittitur if it were not for the fact that he neglected to charge the jury on the law of present worth. Counsel also neglected to call the court's attention to this omission.

The Superior Court recently had before it a situation similar to the instant case where the evidence was conflicting to such an extent that reasonable men could differ as to the conclusion. In *Caine v. Collins,* 194 Pa. Superior Ct. 230, 235, 166 A. 2d 675 (1960), it said: "We are clearly of the opinion, however, that the instant case does not present one of those comparatively infrequent situations wherein a new trial should be granted and limited solely to the issue of damages. The power to grant a limited new trial is one which should be cautiously exercised: Salemmo v. Dolan, 192 Pa. Superior Ct. 56, 159 A. 2d 265. Ordinarily the grant of a new trial means a new trial generally; it restores a case to the status it had before the trial took place, fully open to be tried de novo as to all parties and all issues: Mains v. Moore, 189 Pa. Superior Ct. 430, 150 A. 2d 549. In the words of Judge Woodside in Friedman v. Matovich, 191 Pa. Superior Ct. 275, 156 A. 2d 608: 'To draw the line so that limiting new trials to the amount of damages becomes the general rule instead

of the exception will not aid, but hinder, the administration of justice'. The court below relied primarily on *Cason v. Smith*, 188 Pa. Superior Ct. 376, 146 A. 2d 634, wherein a majority of this court felt that the issue of liability had been so definitely and conclusively settled by the verdict that reasonable men could not be expected to arrive at a different conclusion. That is obviously not the situation in the case at bar. The testimony in this record concerning appellant's liability made that issue at most a question for the jury."

We have in *Daugherty v. Erie Railroad Co.*, 403 Pa. 334, 169 A. 2d 549 (1961), circumstances in which it was proper to limit the new trial to the assessment of damages wherein we said, page 342: "What was said by the Superior Court in the case of *Cason v. Smith*, 188 Pa. Superior Ct. 376, would well apply to the case at bar: 'We have recognized that, where the question of liability has been fairly determined and defendant makes no complaint in respect thereto, it is not improper to eliminate the issue of negligence from further consideration by the jury at the new trial . . . In this case defendant's negligence was fairly determined and fully established by the evidence. Defendant makes no complaint of any trial errors affecting the matter of liability. In fact, defendant made no request for a new trial. We may assume, since defendant does not suggest otherwise and the contrary does not appear, that the issue of liability was tried without error . . . . Viewing the trial as a whole, and considering all the evidence and circumstances, it is also apparent that the negligence on the part of defendant was substantively established with little room for doubt. . . .

" 'Under all the circumstances, we cannot say that the court below manifestly or grossly abused its discretion in eliminating the issue of defendant's negligence from further consideration at the new trial' ". See also *Sternberg v. Dixon*, 411 Pa. 543, 192 A. 2d 359 (1963).

We believe the lower court committed an abuse of discretion in awarding the new trial limited to the assessment of damages only. We need not discuss the appellant's other reasons for the grant of a new trial. A new trial is granted generally.

The order of the court below, as modified, is affirmed.

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

Dorothy C. Berkeihiser was injured when the car which she was driving came into a collision with a car being operated by Louis DiBartolomeo. The jury returned a verdict in favor of the plaintiff in the sum of $38,920.64. The trial judge concluded that, considering the nature of the injuries, this amount was excessive to the extent that it shocked the court's conscience and sense of justice. He thus ordered a new trial as to damages, explaining that he did this not only because of the immoderate verdict but because he failed to instruct the jury on reducing to present worth the amount the plaintiff was entitled to as a result of loss in future earning power.

The Majority Opinion has reversed this decision and ordered a new trial generally. I believe this is a mistake. The case was fairly and squarely tried on the question of liability and the plaintiff should not be subjected to additional expense, loss of time, tribulation and worry on an issue which, so far as due process of the law is concerned, is permanently inscribed on the stone walls of the courthouse.

The defendant in his brief has uttered some startling propositions which I believe should be replied to, out of fear that he and other lawyers may urge these statements as representing law. I refer to one particularly. He says that "In evaluating defendant's testimony and comparing it with that of the plaintiff, the Court must be conscious of the fact that defendant has

no real interest in the outcome of this litigation. A judgment against him would be met by his liability insurer."

This is ridiculous argument. If accepted as legitimate and sensible it would endanger the reliability and the impartiality of every trial where there is insurance coverage. Moreover, it is not true that the defendant has no real interest in the outcome of the litigation even though his pocketbook may not be affected by an adverse verdict. To be found responsible for a serious accident, even in a civil lawsuit, is not something that any motorist is happy about. Taking human nature as it is, it is not improbable that the defendant, in case of any doubt in his mind as to just what happened, would not be apt to give the benefit of the doubt to the opposing party.

Nor can it be said with the finality of a cliff that a motorist, even with insurance coverage, can be carefree about financial responsibility. Several insurance companies have not been modest about informing the public that an increase in insurance premiums is definitely possible if verdicts in automobile cases become too numerous or too high. The insured undoubtedly also has sewed up in the inner lining of his consciousness the feeling that if he seems to fail to cooperate with the insurance company he may find himself being compelled to tug open his own purse strings.

I would affirm the ordering of a new trial on the question of damages alone.