## Sellers, Appellant, *v.* Runkle.

Argued March 20, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Paul D. Shafer, Jr.,* with him *Thomas, Shafer, Walker, Dornhaffer & Swick,* for appellant.

*Stuart A. Culbertson,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, July 2, 1970:

Dorothy Sellers, plaintiff's thirteen year old daughter, was struck and killed by an automobile on the evening of April 4, 1967. After plaintiff's survival and trespass actions resulted in verdicts for the defendant, and after his motion for a new trial was denied, a judgment was entered on the verdict, and he took this appeal.

The only issue is whether the trial court committed reversible error when it failed to charge the jury that the standard for judging the decedent's negligence was the degree to which her conduct comported with that which could be reasonably expected of a child of like age, intelligence, and experience. See *Kuhns v. Brugger,* 390 Pa. 331, 135 A. 2d 395 (1957). It is true that no such instruction was given, but it is also true that the plaintiff neither requested such an instruction nor objected to its omission. Thus plaintiff cannot now raise this issue.

Plaintiff claims, however, that his objection to another point in the charge—the trial judge's assertion that the presumption that a child between seven and fourteen years of age cannot be guilty of negligence grows weaker as the upper age limit is approached— preserved his right to present the asserted error on this appeal. We disagree. The two propositions are in no way connected, and we fail to see how the plaintiff's objection to the one point, which was properly refused, see *Patterson v. Palley Manufacturing Company,* 360 Pa. 259, 61 A. 2d 861 (1948), brought the second asserted error to the attention of the trial court, thereby

fulfilling the purpose behind the requirement of timely objection. See *Sweitzer v. Whitehead,* 404 Pa. 506, 173 A. 2d 116 (1961); *Stasak v. Seibel,* 401 Pa. 494, 165 A. 2d 1 (1960); *Lobalzo v. Varoli,* 422 Pa. 5, 7, 220 A. 2d 634, 636 (1966) (concurring opinion).

Since appellant failed to preserve the right to present the errors he now asserts, the judgment of the trial court is affirmed.