J-A09019-14

2015 PA Super 30

| PAUL KINDERMANN, JR. AND KAREN KINDERMANN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellants | |
| v. | |
| JOSEPH CUNNINGHAM, | |
| Appellee | No. 1604 EDA 2013 |

Appeal from the Order Entered May 16, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 110900205

BEFORE:  BOWES, OTT, and JENKINS, JJ.

OPINION BY BOWES, J.:                    **FILED FEBRUARY 11, 2015**

Paul Kindermann, Jr. and his wife, Karen Kindermann, appeal from the May 16, 2013 order entered in Mr. Kindermann's favor in a negligence action that Appellants brought to recover damages caused by an ankle injury Mr. Kindermann sustained in a boating accident.  The jury found Mr. Kindermann and Joseph Cunningham, the operator of the boat, each fifty percent negligent and the trial court molded the $10,000 verdict to $5,000, reflecting Mr. Kindermann's comparative negligence.  No amount was awarded for Mrs. Kindermann's loss of consortium.  The Kindermanns appeal from the trial court's refusal to order a new trial limited to damages.  After thorough review, we affirm.

The trial court summarized the pertinent facts as follows:

Paul Kinderman[n] (Kinderman[n]), who lives in Bristol, Pennsylvania, with his wife Karen (Karen), accepted an invitation to go fishing on defendant Joseph Cunningham's boat off of Cape May, New Jersey. In addition to Kinderman[n] and Cunningham, there were three other passengers: Carl Kinderman[n] (Paul's uncle), Michael Brennan and Frank Grecco. While out on the water the boat encountered the wake of a large car carrier ship going in the opposite direction. Joseph Cunningham who was piloting the boat, shouted, "Hold on," and Kinderman[n], who was sitting on a storage box affixed to the deck near the front of the boat, was thrust into the air and landed on the deck. He suffered two broken bones in his right ankle requiring surgery that involved inserting a plate and screws. He was disabled and out of work for about fourteen weeks when he was released to work without restriction.

Trial Court Opinion, 10/2/13, at 2 (citations to record omitted).

The Kindermanns commenced the within action against Mr. Cunningham on September 6, 2011. At the jury trial commencing April 30, 2013, liability was hotly contested. The factual witnesses presented conflicting accounts of the events, upon which the expert witnesses relied to form their opinions, leading up to Mr. Kindermann's injury. Mr. Kindermann's medical bills were stipulated to be $28,541.15; his lost wages totaled $8,872.50. On May 2, 2013, the jury returned a verdict finding Mr. Kindermann fifty percent negligent and Mr. Cunningham fifty percent negligent, and awarding damages in the amount of $10,000 for Mr. Kindermann and zero dollars for Mrs. Kindermann on her consortium claim. The court molded the verdict to $5,000 to reflect Mr. Kindermann's negligence.

The Kindermanns filed a timely motion for post-trial relief seeking either judgment notwithstanding the verdict ("n.o.v'). or a new trial limited to damages only. The trial court denied the motion, and this appeal followed. On appeal, the Kindermanns raise four issues, all of which challenge the trial court's failure to award a new trial limited to damages. They contend that the damages were arbitrary and contrary to undisputed evidence and the court's charge. They also maintain that the verdict was shockingly insufficient given Mr. and Mrs. Kindermann's uncontested injuries and losses.

We have long-recognized that

> "Trial courts have broad discretion to grant or deny a new trial . . . [and,] absent a clear abuse of discretion by the trial court, appellate courts must not interfere with the trial court's authority to grant or deny a new trial." ***Harman ex rel. Harman v. Borah***, 562 Pa. 455, 756 A.2d 1116, 1121-1122 (Pa. 2000) (internal quotations and citations omitted). In addition, "[t]he trial court's decision whether to limit a new trial to a particular issue or grant a new trial as to all issues will not be reversed absent an abuse of discretion." ***Chiaverini v. Sewickley Valley Hosp.***, 409 Pa. Super. 630, 598 A.2d 1021, 1024 (Pa. Super. 1991).

***Banohashim v. R.S. Enters.***, LLC, 77 A.3d 14, 22-23 (Pa.Super. 2013).

Where, as here, the Kindermanns sought a new trial as to damages only, other principles govern our review. Our High Court has held,

> "new trials may be limited to specific issues only when this procedure will be fair to both parties. Where the question of negligence or contributory negligence is not free from doubt, it is an abuse of discretion for the trial judge to grant a new trial on the issue of damages alone." ***Gagliano v. Ditzler***, 437 Pa. 230, 263 A.2d 319, 320 (Pa. 1970) (internal quotations and citations

omitted); ***Nogowski v. Alemo-Hammad***, 456 Pa. Super. 750, 691 A.2d 950, 958 (Pa. Super. 1997) (internal quotations and citations omitted). Specifically: a trial court may grant a new trial limited to the issue of damages only where (1) the question of liability is not intertwined with the question of damages, and (2) the issue of liability is either (a) not contested or (b) has been fairly determined so that no substantial complaint can be made with respect thereto. ***Gagliano***, 263 A.2d at 320; ***see also Mirabel v. Morales***, 2012 PA Super 241, 57 A.3d 144, 152 (Pa. Super. 2012).

***Banohashim***, ***supra*** at 23.

The trial court characterized this as "a close case[,]" one which arose out of an accident involving [a] mix of family, friends and acquaintances who were out fishing on a recreational boat on a clear, otherwise uneventful day and in which no other passenger on the boat claimed either injury or fear of injury." Trial Court Opinion, 10/2/13, at 10. Although the award was "low enough to raise an eyebrow," the court did not find it shocking. ***Id***. at 8. Furthermore, it bore some relationship to the evidence, and the award did not defy "common sense or logic." ***Id***. at 10. The court concluded that liability had been fairly determined and that the $10,000 verdict was a compromise verdict that should not be disturbed on appeal. ***Id***. at 10 n.1. It reasoned that since Mrs. Kindermann's consortium claim was derivative of her husband's claim, it was "subject to the same compromises for lack of evidentiary integrity as the husband's claim. ***Beswick v. McGuire***, 748 A.2d 701, 705 (Pa.Super. 2000) (*en banc*)." ***Id***.

The Kindermanns largely ignore the trial court's characterization of the verdict as one involving a compromise. Instead, they argue that the jury's

award of $10,000 in damages to Mr. Kindermann is "shocking, arbitrary, contrary to the evidence to the law" since it represents "a mere 27% of his total stipulated and uncontested economic damages of $37,413.65[.]" Appellants' Brief at 22. Furthermore, they rely upon **Burnhauser v. Bumberger**, 745 A.2d 1256 (Pa.Super. 2000), in support of their contention that Mr. Kindermann was entitled to damages for non-economic loss such as pain and suffering usually associated with surgical repair of his broken ankle.

Mr. Cunningham counters that the jury was permitted to compromise the hotly contested liability issue by reducing the damages it elected to award. **See Gagliano**, **supra**. According to Mr. Cunningham, the jury did just that. He distinguishes the authorities relied upon by the Kindermanns in support of a new trial limited to damages on the ground that those cases did not involve compromise verdicts. **See Burnhauser**, **supra**; **Marsh v. Hanley**, 856 A.2d 138 (Pa.Super. 2004) (liability conceded); **Womack v. Crawley**, 877 A.2d 1279 (Pa.Super. 2005). Furthermore, Mr. Cunningham argues that under **Banohashim**, **supra**, the grant of a new trial limited to damages would have constituted an abuse of discretion. Herein, liability was intertwined with damages, and "[c]onsequently, a new trial as to damages would not be 'fair to both parties.'" Appellee's brief at 17. Regarding Mrs. Kindermann's loss of consortium claim, Mr. Cunningham maintains that the jury was free to accept or reject her testimony regarding the impact of her husband's injury on the marital relationship and home.

"A compromise verdict is one where the jury, in doubt as to defendant's negligence or plaintiff's freedom from contributory negligence, brings in a verdict for the plaintiff but in a smaller amount than it would have if these questions had been free from doubt." *Catalano v. Bujak*, 642 A.2d 448, 450 (Pa. 1994); *see also Davis v. Steigerwalt*, 822 A.2d 22, 31 (Pa.Super. 2003). Such verdicts were especially common prior to the Commonwealth's adoption of comparative negligence as the jury often considered the parties' respective degrees of negligence "as a practical matter." *Karcesky v. Laria*, 114 A.2d 150, 154 (Pa. 1955). "The net result" was that "in a large majority of negligence cases where the question of contributory negligence is not free from doubt, the jury brings in a compromise verdict." *Id*. In *Guidry v. Johns-Mansville Corp.*, 547 A.2d 382, 385 (Pa.Super. 1988), this Court, quoting the Supreme Court in *Elza v. Chovan*, 152 A.2d 238, 240 (Pa. 1959), reaffirmed that compromise verdicts "are not only 'allowed' but are 'expected[.]'" Furthermore, "the compromise can arise either 'out of damages or negligence or the balance of evidence concerning either or both, and the grant of a new trial may be an injustice to the defendant rather than an act of justice to plaintiff."

In *Carlson v. Bubash*, 639 A.2d 458, 460 (Pa.Super. 1994), we held that "notwithstanding a finding of comparative negligence, when liability is contested and conflicting testimony is presented, compromise verdicts are permissible to establish an amount that the jury determined would justly compensate a plaintiff for his loss." Since Pennsylvania's comparative

negligence law permits no recovery where the plaintiff is fifty-one percent or more causally negligent, and the jury is so instructed, there may be situations where issues of negligence and contributory negligence are so debatable that juries resort to a compromise verdict as to damages.

We agree with the trial court that this is such a case. Mr. Kindermann does not point to any trial errors that may have affected the jury's verdict. We also note that the jury was properly instructed on the consequences of a finding that Mr. Kindermann was fifty-one or more percent negligent. *See Peair v. Home Ass'n of Enola Legion Number 751*, 430 A.2d 665 (Pa.Super. 1998) (holding jury must be informed of the consequence of its apportionment of negligence). Furthermore, there is no indication that the allegedly inadequate verdict was "the product of passion, prejudice, partiality, or corruption." *Davis v. Mullen*, 773 A.2d 764, 766 (Pa. 2001). Rather, the record reveals that the eyewitnesses provided highly conflicting versions of the events. Expert opinions as to liability were predicated largely on those inconsistent facts. Whether Mr. Cunningham was negligent in his operation of the boat or in failing to warn Mr. Kindermann of the impending wake, and whether Mr. Kindermann was contributorily negligent in his choice of seat or failure to grasp the handrail, presented difficult issues based on the conflicting evidence presented. In light of the proof, the jury could have reached an impasse and returned the low verdict in order to reach an agreement on the liability question.

Compromise verdicts, by definition, reflect the jury's give and take on liability issues, resulting in damage awards that do not necessarily resemble the damages proved. The damage award in the instant case represented the classic compromise "where the jury, in doubt as to defendant's negligence or plaintiff's freedom from contributory negligence, brings in a verdict for plaintiff but in a smaller amount than it would have if these questions had been free from doubt." **Catalano**, **supra** at 450.

The trial court concluded that the jury in this case compromised its verdict, a finding that is amply supported by the record, and we defer to the trial court's assessment. The jury, at an impasse in resolving issues of Mr. Cunningham's negligence and Mr. Kindermann's contributory negligence, returned an equivocal fifty/fifty general damage award of $10,000. Mr. Kindermann could recover, but the lower damage award reflected the compromised liability. The conciliation is only more evident because the verdict was less than the stipulated economic loss. Nor can we assume, as Mr. Kindermann assumes, that the general damage award did not encompass damages for pain and suffering.

On these facts, a new trial limited to damages is unfair. Our Supreme Court held in **Gagliano** that "where a substantial conflict exists on the question of liability, such that a low verdict might indicate that the jury compromised the liability issue with the amount of damages awarded, it is an abuse of discretion for the lower court to grant a new trial limited to the issue of damages. **Berkeihiser v. DiBartolomeo**, 413 Pa. 158, 196 A.2d

314 (1964)." ***Gagliano***, ***supra*** at 321. Where, as here, liability was contested and testimony was conflicting, the jury's compromise verdict should be permitted to stand undisturbed. ***See Dawson v. Fowler***, 558 A.2d 565 (Pa.Super. 1989).

We conclude further that the trial court did not abuse its discretion in denying a new trial on Mrs. Kindermann's lack of consortium claim. The amount awarded for loss of consortium is "left to the sound judgment and common sense of the jury." ***Nudelman v. Gilbride***, 647 A.2d 233, 239 (Pa.Super. 1994). As the trial court recognized, Mrs. Kindermann's derivative consortium claim was also susceptible to compromise. Additionally, Mrs. Kindermann's claim was based entirely on her testimony, which "the jury was free to accept or reject, in whole or in part." Trial Court Opinion, 10/2/13, at 10. Although it was uncontested that Mrs. Kindermann was experiencing a high-risk pregnancy at the time of her husband's injury, and that Mr. Kindermann was unable to help his wife around the house, Mrs. Kindermann's mother had moved into the couple's home prior to the accident to provide her daughter with household assistance. N.T., 4/30/13, at 145. In light of this testimony, the trial court did not find the award of zero damages to be disproportionate to the uncontested evidence, and we find no abuse of discretion.

For all of the foregoing reasons, we affirm.

Judge Jenkins Joins the Opinion.

Judge Ott files a Dissenting Opinion.

- 9 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/11/2015</u>