J-A07036-16; J-A07037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ELIZABETH MILLING COMPANY, LLC, SMITHDON, L.P. A PENNSYLVANIA LIMITED PARTNERSHIP, AND MIKE ADAMS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | : | |
| v. | : | |
| ROBERT N. ANDREWS AND SANDRA H. ANDREWS | : | |
| Appellants | : | No. 599 WDA 2015 622 WDA 2015 |

Appeal from the Order Entered April 2, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-13-017997

| | | |
|---|---|---|
| ELIZABETH MILLING COMPANY, LLC, SMITHDON, L.P. A PENNSYLVANIA LIMITED PARTNERSHIP, AND MIKE ADAMS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : | |
| v. | : | |
| ROBERT N. ANDREWS AND SANDRA H. ANDREWS | : | |
| Appellees | : | No. 650 WDA 2015 651 WDA 2015 |

Appeal from the Order Entered April 2, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 13-017997

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

CONCURRING AND DISSENTING MEMORANDUM BY BOWES, J.:**FILED JULY 15, 2016**

I concur with the learned majority's disposition of all issues with the exception of its affirmance of the trial court's award of a new trial limited to damages. I would reverse the trial court's order granting a new trial as to damages only and permit the jury verdict to stand for the following reasons.

I submit first that the majority's rationale for upholding the trial court's refusal to mold the verdict is equally applicable to the issue of whether a new trial as to damages is warranted. Both liability and damages were contested. The jury was not required to find that Adams suffered all of the damages he claimed from Andrews' breach of the full disclosure provision. As the majority acknowledges, the jury could have determined that Adams would have entered the contract but paid less, or could have attributed the bulk of Adams's damages to the unseasonably warm winters, the glut of ice-melt inventory, or his mismanagement of the company. In refusing to mold the verdict, even the trial judge conceded that the jury could have arrived at its final award via many different calculations.

In ruling on Adams' motion for a new trial as to damages, however, the trial court was unwilling to accept the jury's quantification of the diminution in value of EMC due to Andrews' breach. The court found it "coincidental to the point of unacceptable improbability" that the jury arrived at $400,000, the exact amount of the hand money, and concluded that the award bore no reasonable relationship to the actual damages suffered by Adams. While acknowledging that it was not its prerogative to second-guess

the judgment of the jury, the trial court did just that. Conceding further that "[w]e have no insight at all into the thinking of the jury[,]" the court speculated that the jury misapplied the law with respect to contract damages and awarded a new trial as to damages only. Trial Court Opinion, 7/24/15, at 9.

The majority affirms, agreeing that there was "no quantifiable explanation for the jury's verdict." Majority Slip Opinion at 15. In the next breath, however, the majority acknowledges that the jury could have concluded that Adams would have purchased the company at a reduced price had it known the information Andrews failed to disclose, and further, that the jury may have opted to reduce the damages based on the unseasonably warm winters and Adams' mismanagement. Nonetheless, the majority accepts the trial court's premise that the $400,000 figure was just too coincidental.

This is a case where both liability and damages were hotly contested. I submit that the trial court's award of a new trial limited to damages on these facts would be unfair to both parties and an abuse of discretion. *See Kindermann v. Cunningham*, 110 A.3d 191, 193, (Pa.Super. 2015). As our Supreme Court held in *Gagliano v. Ditzler*, 263 A.2d 319, 320 (Pa. 1970) (citing *Berkeihiser v. DiBartolomeo*, 196 A.2d 314 (Pa. 1964)), "where a substantial conflict exists on the question of liability, such that a low verdict might indicate that the jury compromised the liability issue with

the amount of damages awarded, it is an abuse of discretion for the lower court to grant a new trial limited to the issue of damages." A new trial limited to damages is appropriate "**only** where (1) the question of liability is not intertwined with the question of damages, **and** (2) the issue of liability is either (a) not contested or (b) has been fairly determined so that no substantial complaint can be made with respect thereto." *Id*. (emphasis in original). We have applied this reasoning in contract actions as well as tort actions. *See Ely v. Susquehanna Aquacultures, Inc.*, 130 A.3d 6 (Pa.Super. 2015). I find unpersuasive the majority's attempt to distinguish *Ely* on the basis that it involved service or employment contracts, not the sale of a business.

The fact that the amount of damages mirrors the amount of the hand money simply does not indicate that the jury misapplied the law or that the damages were unreasonable. The verdict form confirms that the jury was not unanimous and suggests that the amount of the damage award may have been the result of jury compromise, which was its prerogative. Furthermore, the jury was instructed that it could reduce damages for breach of contract if it concluded that the company declined "due solely to mismanagement on the part of" Adams. N.T., 1/26/15, at 1142-43. By all indications, the jury followed the court's instructions.

For these reasons, I respectfully dissent from that portion of the majority's decision.