J. A17032/19

2020 PA Super 95

| | | |
|---|---|---|
| KIMBERLY L. ADKINS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOHNSON & JOHNSON, ETHICON, INC. | : | |
| INDIVIDUALLY AND D/B/A ETHICON, | : | |
| GYNECARE, SECANT MEDICAL, INC., | : | |
| SECANT MEDICAL, LLC, PRODESCO, | : | |
| INC., AND SECANT MEDICAL | : | |
| | : | |
| APPEAL OF:  ETHICON, INC. AND | : | |
| JOHNSON & JOHNSON, | : | No. 2700 EDA 2017 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered July 19, 2017,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. July Term, 2013 No. 919

BEFORE:  PANELLA, P.J., OLSON, J., AND FORD ELLIOTT, P.J.E.

OPINION BY FORD ELLIOTT, P.J.E.:                Filed:  April 15, 2020

Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon") appeal from that part of the July 19, 2017 order entered in the Court of Common Pleas of Philadelphia County that granted the post-trial motion of Kimberly L. Adkins ("Adkins") and awarded a new trial on the issue of damages with

respect to design defect in the underlying product liability action.[1]  We affirm

and remand for proceedings consistent with this Opinion.

The record reflects that Adkins, an Ohio resident, was implanted with a

pelvic-mesh device known as TVT SECUR (the "Device") for treatment of

female stress urinary incontinence.  The implantation occurred in Ohio.  Adkins

instituted the underlying product liability action in Pennsylvania alleging

defective design and inadequate warnings and seeking damages for injuries

sustained as a result of the implantation of the allegedly defective Device.

With respect to personal jurisdiction over Ethicon, the trial court concluded

that because Secant Medical, Inc., a defendant below, manufactured, in part,

the pelvic mesh in Pennsylvania and because Ethicon availed itself of the

privilege of conducting activities in Pennsylvania by contracting with Secant

Medical, Inc., to perform a portion of the manufacturing, the trial court had

personal jurisdiction over Ethicon pursuant to **Int'l Shoe Co. v. Washington**,

---

[1] We note that the July 19, 2017 order also denied Adkins's post-trial motion with respect to juror number one and her failure to warn cause of action. Adkins did not appeal.

We further note that the record reflects that the trial court dismissed Secant Medical, Inc.; Secant Medical, LLC; Prodecso, Inc.; and Secant Medical from the underlying lawsuit prior to trial after it determined that these entities were not "manufacturers" of the product that was the subject of the underlying lawsuit as that term is defined under Ohio Rev. Code § 2307.71(A)(13), which law applies substantively.  We further note that although the certified record before us is clear that the only defendants to proceed to trial were Ethicon, Inc. and Johnson & Johnson, it is not clear as to the procedural mechanism employed that resulted in Gynecare, a division of Ethicon, Inc., being dismissed from the underlying lawsuit.

326 U.S. 310 (1945), and its progeny. (Trial court opinion, 5/18/18 at 11-12.) Therefore, Pennsylvania law governs the procedural matters of this case. *See Sheard v. J.J. Deluca Co.*, 92 A.3d 68, 76 (Pa.Super. 2014) (reiterating that the law of the chosen forum governs procedural matters). The certified record before us indicates that the parties agreed that their rights and duties would be determined under Ohio law.

The trial court summarized the relevant procedural history as follows:

> On June 9, 2017, a jury returned a verdict for [Ethicon]. The jury found that [the Device] was defective in design and that [a]ppellants failed to adequately warn pelvic floor surgeons of the [Device's] risks of harm. However, the jury also found that neither the design defect nor the inadequate warnings proximately caused injury to [Adkins].
>
> On July 19, 2017, the [trial c]ourt granted [Adkins's] Post-Trial Motion and ordered the case to proceed to a damages hearing [on design defect only]. On July 26, 2017, [Ethicon] filed a Motion for Reconsideration, which was denied on July 31, 2017. On August 16, 2017, [Ethicon] filed a timely Notice of Appeal to the Superior Court of Pennsylvania under Pa.R.A.P. 311(a)(6).[2]

---

[2] Pa.R.A.P. 311(a)(6) permits an appeal as of right of an interlocutory order in a civil action that awards a new trial. *See Mirabel v. Morales*, 57 A.3d 144, 149 n.6 (Pa.Super. 2012) (reiterating that under Rule 311(a)(6), Pennsylvania Superior Court has jurisdiction to hear appeal from order granting new trial limited solely to issue of damages).

We note that after Ethicon filed its notice of appeal, Adkins filed an application to dismiss the appeal in which she contended that this court lacks jurisdiction to entertain the appeal under Rule 311(a)(6) because the trial court's order did not grant a new trial, but merely ordered that the case should proceed to a damages hearing. (Adkins's motion to dismiss appeal under Pa.R.A.P. 1972, 11/1/17 at 4-7.) Ethicon filed a response citing to case law that holds that this court has jurisdiction pursuant to Rule 311(a)(6) to hear

J. A17032/19

Trial court opinion, 11/6/18 at 1.

In their notice of appeal, Ethicon correctly recognizes the interlocutory nature of the order on appeal and that the only issue it can appeal is the award of the new trial on the issue of damages.[3] (Ethicon's notice of appeal, 7/19/17.) As such, there was no need for the trial court to enter an order directing Ethicon to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which it did not. The trial court did, however, file a Rule 1925(a) opinion. In that opinion, the trial court addressed its award of a new trial on the issue of damages for design defect and stated that

---

an interlocutory appeal of an order granting a new trial limited solely to the issue of damages after the jury has rendered its verdict. (Ethicon's answer to motion to dismiss appeal, 11/13/17 at 2-4.) Thereafter, this court entered an order denying Adkins's application to dismiss without prejudice to raise the issue in her appellate brief. Because Adkins did not raise the issue in her brief, she abandoned her jurisdictional challenge under Rule 311(a)(6).

[3] We note that throughout the litigation, Ethicon has challenged the trial court's personal jurisdiction over them. We further note that on April 3, 2019, a panel of this court, in an unpublished memorandum, held that because **Hammons v. Ethicon**, 190 A.3d 1248 (Pa.Super. 2018), **petition for allowance of appeal granted**, 206 A.3d 495 (Pa. 2019), is binding precedent, Pennsylvania could exercise personal jurisdiction over Ethicon in civil actions brought by non-resident plaintiffs who were implanted with one of eight pelvic devices, including the Device, because the mesh in the eight devices, including the Device, was knitted by a Pennsylvania company, Secant Medical, Inc. **In re: Pelvic Mesh Litigation**, No. 652 EDA 2018, unpublished memorandum (Pa.Super. filed April 3, 2019). Our supreme court granted Ethicon's petition for allowance of appeal in **Hammons** to determine the limited issue of "[w]hether the Due Process Clause of the Fourteenth Amendment to the United States Constitution and 42 Pa.C.S.[A.] § 5322(c) precludes Pennsylvania from asserting personal jurisdiction over [Ethicon] in a case brought by an Indiana resident asserting claims under the Indiana Product Liability Act." **Hammons**, 206 A.3d 495.

- 4 -

> [u]pon further examination of the issue, the [trial c]ourt now believes that a new trial should not be limited to the issues of compensatory and punitive damages. Rather, the new trial must also involve re-litigation on the issue of [Ethicon's] liability for design defect.

Trial court opinion, 11/6/18 at 4.

Ethicon raises the following issues for our review:

> 1. Can [Adkins] avoid waiver -- given that she did not object prior to the discharge of the jury -- by recasting her argument as one that goes to the manifest weight of the evidence when there is contradictory testimony and the only way for [Adkins] to prevail on appeal is to rewrite the jury instructions as given and the verdict form as drafted?
>
> 2. When [Adkins] alleged multiple "defects" at trial, and alleged multiple "harms" as a result of different "defects," and there was testimony that challenged each "defect" and its relationship to each "harm," do truly exceptional circumstances exist that would warrant setting aside the jury's finding that there was a "defect" but that the "defect" it found did not directly and proximately cause any specific "harm(s)" that the jury credited?

Ethicon's brief at 4-5.

At the outset, we note that

> [i]t is well settled that the grant of a new trial is a matter within the discretion of the trial court. A new trial will be granted on the grounds that the verdict is against the weight of the evidence where the verdict is so contrary to the evidence it shocks one's sense of justice. An appellant is not entitled to a new trial where the evidence is conflicting and the finder of fact could have decided either way. . . .

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or [the judgment is] the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused. We emphasize that an abuse of discretion may not be found merely because the appellate court might have reached a different conclusion, but requires a showing of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous.
>
> . . . . This [c]ourt has recognized that a weight of the evidence challenge concedes that there was evidence sufficient to sustain the verdict, but the verdict was against the weight of the evidence. We may not substitute our judgment for that of the trial court, we must only decide whether the trial court abused its discretion. Credibility issues are determined by the jury, and this [c]ourt rarely overturns the factual findings of a jury that are based on determinations of credibility, because we are confined to review a cold record.

*Fanning v. Davne*, 795 A.2d 388, 393-394 (Pa.Super. 2002) (internal citations omitted).

Ethicon first contends that even though Adkins characterized her post-trial claim as a weight of the evidence challenge, the true nature of her challenge is an inconsistent verdict and because she failed to object to the trial court's jury instructions, the verdict sheets, and/or to the verdict itself, she waives her inconsistent verdict challenge on appeal. We disagree.

In ***Dilliplaine v. Lehigh Valley Trust Co.***, 322 A.2d 114 (Pa. 1974), our supreme court held that in order to preserve a claim of trial error, a timely specific objection must be made.  Over time, the rule announced in ***Dilliplaine*** has come to be known as the "contemporaneous objection rule" and has been codified in Pennsylvania Rule of Civil Procedure 227.1(b), which provides:

> (b) Except as otherwise provided by Pa.R.E. 103(a), post-trial relief may not be granted unless the grounds therefor,
>
> > (1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and
> >
> > (2) are specified in the motion.  The motion shall state how the grounds were asserted in pre-trial proceedings or at trial.  Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

Pa.R.Civ.P. 227.1(b); ***see also Stapas v. Giant Eagle, Inc.***, 197 A.3d 244, 248-249 (Pa. 2018).  The note to Rule 227.1(b)(1) states that "[i]f no objection is made, error which could have been corrected in pre-trial proceedings or during trial by timely objection may not constitute a ground for post-trial relief."  ***Id.*** at note.

In order to preserve a weight of the evidence claim, however, a party is not required to object before the jury is discharged because the claim cannot be resolved by the jury.  ***Stapas***, 197 A.3d at 249-250.  Unlike an inaccurate

jury instruction or an erroneous verdict sheet, which are capable of correction in pre-trial proceedings or during trial, the manner in which a jury weighs evidence and arrives at a verdict is incapable of correction. *See id.* Therefore, because a weight of the evidence challenge ripens after the verdict, it is properly raised for the first time in a post-trial motion. *Id.*

Here, in her post-trial motion, Adkins contended that because the jury found that the Device was defectively designed and because the medical testimony was undisputed that Adkins suffered some injury because of the Device, the jury's finding of no causation was against the weight of the evidence. (Adkins's motion for post-trial relief, 6/19/17 at 1-2, 5-7.) Clearly, because that challenge could not be corrected in pre-trial proceedings or during trial and only ripened after the verdict was announced, it was a challenge to the weight of the evidence and Adkins properly raised it for the first time in her post-trial motion.

Ethicon next contends that even though the jury found that the Device was defective, its finding of no causation was not against the weight of the evidence. We disagree.

Under Ohio product liability law, which is codified at Ohio Rev. Code §§ 2396.61-2307.81, the plaintiff bears the burden of proving (1) that there was, in fact, a defect in the product manufactured and sold by the defendant that existed at the time the product left the hands of the defendant; and (2) that the defect directly and proximately caused the plaintiff's injuries or

loss. ***Bonacker v. H.J. Heinz Co.,*** 676 N.E.2d 940, 942 (Ohio App. 8th 1996); ***see also State Farm Fire & Cas. Co. v. Chrysler Corp***., 523 N.E.2d 489 (Ohio 1988); Ohio Rev. Code § 2307.73(A). Ohio law establishes two alternative theories for demonstrating design defect – the risk/benefit theory and the consumer expectation theory. In the underlying litigation, Adkins proceeded under the risk/benefit theory. Under this theory, a product is defective in design if, at the time it left the control of the manufacturer, the foreseeable risks associated with its design exceeded the benefits associated with that design. Ohio Rev. Code § 2307.75(A). The statute sets forth various factors to be considered when making this determination. ***Id.*** at (B)-(C).

Here, Ethicon contends that because its causation expert testified that factors other than the Device, such as smoking or a failure to properly use medication, could have caused or contributed to Adkins' pain, vaginal bleeding, and the erosion of the Device, the verdict was not against the weight of the evidence. We disagree. As a threshold matter, the jury determined that the Device was defective because its risks outweighed its benefits. The jury then was required to determine whether the Device directly and proximately caused Adkins' injuries. Ethicon's causation expert agreed on cross-examination that the Device caused certain of Adkins' injuries, as follows:

> Q. So these are undisputed facts. You would agree with me from 2011 to 2012, that the mesh-related problems Ms. Adkins experienced were vaginal bleeding, the pelvic pain, vaginal

pain, palpable mesh, pain with sex, he partner was scratched, the mesh was exposed in her vagina, and there was surgery to remove the mesh?

A.     I agree with that.

Notes of testimony, 6/7/17 at 66.

The record clearly demonstrates that it was undisputed that from 2011 to 2012, the erosion of the mesh as found to be a defect by the jury caused Adkins to suffer the following injuries:  vaginal bleeding, pelvic pain, vaginal pain, palpable mesh, pain with sex, and mesh exposure in her vagina.  There is also no dispute that because the Device caused these injuries, Adkins had to undergo surgical removal of the Device.  Because the evidence did not conflict with respect to the injuries the Device caused in 2011 to 2012, as well as the necessity for surgical removal, the jury's finding that the Device did not cause any injury to Adkins was against the weight of the evidence.  Therefore, the trial court did not abuse its discretion when it granted a new trial as to damages.

As set forth above, in its Rule 1925(a) opinion, the trial court opines that the new trial should not be limited to damages, but must include re-litigation on liability.  (Trial court opinion, 11/6/18 at 4.)  We agree.  As set forth by the trial court in its Rule 1925(a) opinion:

> Where liability is "vigorously contested," it cannot be considered free from doubt unless the defense was advanced capriciously.  ***See Reid v. Oxendine***, 419 A.2d 36, 40-41 (Pa.Super.1980); ***Gagliano v. Ditzler***, 263 A.2d 319, 320-21 (Pa.Super. 1970) (new

> trial cannot be limited to damages where "both sides had presented credible, directly conflicting evidence"). Here, it beyond dispute that [Ethicon] fought tooth and nail on the issue of liability. They brought motions, among many other things, for summary judgment, compulsory nonsuit and directed verdict, and contested numerous pieces of evidence and proposed jury instructions presented by [Adkins]. In addition, they called numerous witnesses of their own to support their defense that the [Device] was not defectively designed and did not proximately cause injury to [Adkins]. The defense claims were colorable and made in good faith. Therefore, the issue of liability was not free from doubt and must be tried again.

Trial court opinion, 11/6/18 at 4-5.

Order affirmed. Case remanded with instructions consistent with this Opinion. Jurisdiction relinquished.

Panella, P.J. joins this Opinion.

Olson, J. files a Concurring and Dissenting Opinion.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2020