J-A16021-17

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| JASON BEAM AND KRISTIE BEAM, HIS WIFE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THIELE MANUFACTURING, LLC, FORMERLY KNOWN AS THIELE, INC., FORMERLY KNOWN AS TYT HOLDING, INC. | : | |
| | : | |
| APPEAL OF: JASON BEAM | : | No. 1374 WDA 2016 |

Appeal from the Judgment Entered September 9, 2016,
in the Court of Common Pleas of Somerset County,
Civil Division at No(s): 51041 Civil 2008

| | | |
|---|---|---|
| JASON BEAM AND KRISTIE BEAM, HIS WIFE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THIELE MANUFACTURING, LLC, FORMERLY KNOWN AS THIELE, INC., FORMERLY KNOWN AS TYT HOLDING, INC. | : | |
| | : | |
| Appellant | : | No. 1464 WDA 2016 |

Appeal from the Judgment Entered September 9, 2016,
in the Court of Common Pleas of Somerset County,
Civil Division at No(s): 51041 Civil 2008

BEFORE:    STABILE, J., FORD ELLIOTT, P.J.E., and STRASSBURGER,* J.

CONCURRING AND DISSENTING MEMORANDUM BY STRASSBURGER, J.:

FILED MAY 02, 2018

*Retired Senior Judge assigned to the Superior Court.

J-A16021-17

I join the majority with respect to defendant's appeal. However, with respect to plaintiffs' appeal, I would grant a new trial on damages. Accordingly, I respectfully dissent as to that part the memorandum.

The majority recognizes that plaintiffs are entitled to a new trial on damages where, as here, the jury reached an inconsistent verdict. However, the majority concludes that plaintiffs are judicially estopped on the basis they argued, in response to defendant's motion to bifurcate, that issues of liability and damages are interwoven.

> As a general rule, a party to an action is estopped from assuming a position inconsistent with his or her assertion in a previous action, if his or her contention was successfully maintained. Federal courts have long applied this principle of estoppel where litigants play fast and loose with the courts by switching legal positions to suit their own ends. The purpose of this doctrine is to uphold the integrity of the courts by preventing parties from abusing the judicial process by changing positions as the moment requires.

Trowbridge v. Scranton Artificial Limb Co., 747 A.2d 862, 864-65 (Pa. 2000) (internal citations and quotation marks omitted).

Here, defendant filed a motion to bifurcate, and plaintiffs took a very reasonable position against that motion that they did not want a bifurcated trial in this case for several reasons, including the fact that issues of liability and damages were interwoven. The jury then returned a verdict apportioning liability, but not awarding damages for pain and suffering for an injury that clearly caused pain and suffering. Thus, plaintiffs then reasonably requested a new trial. Defendant argues that a trial limited to

- 2 -

damages would be inappropriate and unfair where the issues are interwoven, as previously argued by plaintiffs. This is hardly a situation where plaintiffs are playing "fast and loose" with the courts. Rather, it is a product of the fact that the jury erred in reaching its verdict. Moreover, to the extent that either party needs to present liability-related issues in a trial limited to damages, this Court addressed that issue in Fischer v. Troiano, 768 A.2d 1126 (Pa. Super. 2001). Fischer broke her back after she fell at the Troianos' home.

> Although liability was contested, the jury clearly apportioned liability finding the Troianos 60% causally negligent and the Fischers 40% causally negligent. Since both parties were given a fair opportunity to litigate the issue of liability at trial, we find liability has been conclusively determined and need not be re-litigated. However, we acknowledge that evidence regarding the manner of the accident is relevant to the determination of the award of damages upon retrial. Therefore, evidence concerning the nature and severity of the accident may be introduced at trial as deemed relevant to the issue of damages.

Id. at 1132. (internal citations omitted).

Thus, consistent with Fischer, plaintiffs are entitled to a new trial limited to the issue of damages.