J. A12041/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANDRE MURRAY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DOMINIC TRIPODI & | : | |
| JOSEPHINE TRIPODI | : | No. 98 EDA 2017 |
| | : | |
| APPEAL OF:  JOSEPHINE TRIPODI | : | |

Appeal from the Order, November 15, 2016,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. June Term, 2014 No. 0495

BEFORE:  BOWES, J., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:            **FILED JULY 16, 2018**

Appellant, Josephine Tripodi, appeals from the November 15, 2016 orders entered by the Court of Common Pleas of Philadelphia County denying her post-trial motion to enter a compulsory nonsuit[1] and granting Andre Murray's ("appellee") motion for a new trial on the issue of damages. After careful review, we affirm.

The trial court provided the following factual and procedural history:

> The instant appeal, filed by [appellant,] on December 9, 2016, stems from two orders issued by

---

[1] A motion for compulsory nonsuit is filed and ruled upon by the trial court prior to a case's submission to the jury. ***Int'l Diamond Importers, Ltd. v. Singularity Clark, L.P.***, 40 A.3d 1261, 1274 (Pa.Super. 2012), citing ***Poleri v. Salkind***, 683 A.2d 649, 653 (Pa.Super. 1996), ***appeal denied***, 698 A.2d 595 (Pa. 1997).  Because appellant's motion was filed post-trial, we shall treat it as a motion for judgment notwithstanding the verdict ("JNOV"), which is properly filed as a post-trial motion.  ***See*** Pa.R.Civ.P. 227.1(a)(2).

[the trial court] on November 15, 2016, through which [the trial court] respectively denied [a]ppellant's "Post-Trial Motion to Enter a Compulsory Non-Suit in Favor of [Appellant]" ("Post-Trial Motion for Compulsory Non-Suit"), and granted [appellee's] "Motion for a New Trial on Issue of Damages" ("Motion for New Trial"). . . .

The relevant facts, set forth in the light most favorable to [a]ppellee as the verdict winner, are as follows:  On February 17, 2014, a storm deposited approximately six inches of snow on downtown Philadelphia.  Two days later, on the evening of February 19, 2014, [a]ppellee decided to walk from his house at 1036 South Carlisle Street in Philadelphia to a nearby Chinese restaurant located at Broad and Morris Streets, intending to purchase some take-out food for himself and his wife, and then return home for a relaxing evening in front of the television.[Footnote 1] Appellee started his trip by travelling east across Carlisle Street, which had already been plowed by that point, reaching the sidewalk on the other side and then headed south towards Reed Street.  As [a]ppellee slowly navigated this sidewalk, he slipped and fell at a location abutting the rear of the Tripodi Property,[Footnote 2] twisting his right ankle in the process, yelling in agony, and feeling a sharp pain in the affected ankle which he rated as "10" on a 10-point scale (i.e. the worst pain he had ever felt); according to [a]ppellee, the sidewalk adjacent to the Tripodi Property's west side was still covered in five or six inches of snow, concealing a layer of ice underneath that [a]ppellee quickly discovered when he lost his footing.

> [Footnote 1] According to [a]ppellee, the distance between his home and the restaurant is only a few city blocks.
>
> [Footnote 2] The formal mailing address of the Tripodi Property is 1322 South Broad Street in Philadelphia; however, South Carlisle Street and the sidewalk

where [a]ppellee fell both run along the Tripodi Property's western edge.

"Shorty," an individual whom [a]ppellee described as being regularly present in the neighborhood, witnessed the fall and ran over to the scene to help [a]ppellee by grabbing him under his armpits, lifting him up from the sidewalk, and then dragging him back to [a]ppellee's house. Shorty and [a]ppellee's wife then carried [a]ppellee inside and placed him in an armchair, where [a]ppellee sat and applied ice packs to his now-swollen ankle before shifting to a nearby couch. Appellee spent the better part of the following two days resting on this couch, but the pain in his ankle continued to worsen, leading him to conclude on February 21, 2014 that he needed professional medical care. Appellee then took a cab to Methodist Hospital, where x-rays were taken and he was told that his ankle was, in fact, broken. Subsequently, [a]ppellee was given pain medication and then discharged with instructions to see an orthopedist. Following this advice, [a]ppellee saw Dr. Marc Zimmerman, M.D., on February 27, 2014; by this point, [a]ppellee's ankle swelling had subsided to some degree, in contrast to the pain, which [a]ppellee stated was as intense as it had been in the immediate aftermath of his accident. Dr. Zimmerman wrapped [a]ppellee's ankle in a hard cast, wrote him a prescription for Percocet, and told [a]ppellee to keep his right leg elevated, as well as to avoid placing any weight on it. In addition, Dr. Zimmerman told [a]ppellee to come back at a later date for a follow-up assessment, and referred him to a pain management clinic. Appellee's cast was removed in early April 2014, enabling him to start physical therapy on April 10, 2014; [a]ppellee rated his ankle pain at this juncture as being "8" on a 10-point scale. He adhered to a schedule of, on average, two therapy sessions per week over the course of the ensuing two months, after which he ceased receiving medical treatment for his ankle injury. As of late August 2016, [a]ppellee still experienced intermittent "sharp pain that shoots through [his ankle] . . . especially when it rain[s] and

when [he goes] down the subway step[s,]" the intensity of which is "4" on a 10-point scale.

On June 4, 2014, [a]ppellee sued [a]ppellant, as well as her husband, Dominic Tripodi, claiming that they had negligently failed to remove snow and ice from the sidewalk along the Carlisle Street side of the Tripodi Property after the February 17, 2014 storm, and were thus responsible for causing his aforementioned ankle injury. Eventually, the case proceeded to a compulsory arbitration hearing on January 20, 2016, at which the panel of arbitrators determined that [a]ppellant had not acted negligently and consequently ruled in her favor.[Footnote 4] Appellee appealed this decision on January 22, 2016, leading to a one-day jury trial before [the trial court] on August 31, 2016, at which [a]ppellee testified regarding the circumstances of his aforementioned injury, the resultant pain and recovery efforts, and his current physical state. Appellee also called Charles Harrington, a neighbor, who said he had witnessed [a]ppellee's fall on the Carlisle Street sidewalk adjacent to the Tripodi Property, which Mr. Harrington claimed was still covered with snow on the date of the incident, despite the passage of several days since the most-recent storm. Appellant then briefly took the stand to say she had only found out about [a]ppellee's injury when he sued her, and was then followed by her son, Joseph Tripodi, who maintained that he had shoveled and salted the Carlisle Street sidewalk during the afternoon on February 19, 2014 (i.e. prior to [a]ppellee's fall). Thereafter, [a]ppellant verbally moved for a compulsory non-suit, arguing that [a]ppellee had assumed the risk of injury by walking on the unshoveled sidewalk, meaning that [a]ppellee could not recover damages from [a]ppellant The trial court] denied [a]ppellant's [m]otion, stating "[i]t is for the jury to decide whether or not [a]ppellee's actions were reasonable or unreasonable . . . there [are] still enough facts [in question] to go to the jury [for] that [determination]." Counsel subsequently presented their respective closing arguments, and [the trial court] then instructed the jury on the law before

leaving them to their deliberations. The jury quickly returned with a verdict in favor of [a]ppellee, finding that [a]ppellant had been negligent in failing to properly clear her sidewalk of snow and ice and was thus liable for [a]ppellee's injury, awarding [a]ppellee $2,729 in damages for medical expenses, but none for pain and suffering.

> [Footnote 4] The arbitrators also noted that the parties had stipulated to the dismissal, with prejudice, of [a]ppellee's claims against Dominic Tripodi.

Dissatisfied with this outcome, both sides subsequently filed post-trial motions. On September 7, 2016 [a]ppellee submitted his Motion for New Trial, arguing therein that "the jury's award of zero damages bore no reasonable relationship to the loss from pain and suffering [he] sustained, and was against the weight of the evidence, and utterly shocks one's sense of justice and conscience," meaning that "a new trial limited to the issue of damages is warranted.["] This was followed on September 16, 2016, when [a]ppellant docketed her Post-Trial Motion for Compulsory Non-Suit, in which she reiterated her assumption of risk argument and claimed [the trial court] had erred during trial by denying her oral non-suit motion. In response, [the trial court] ordered the parties to file supplemental briefs addressing the issues raised in their respective post-trial motions. After a thorough review of the parties' submissions, case record, and the relevant law, [the trial court] docketed two orders on November 15, 2016, thereby granting [a]ppellee's Motion for New Trial and denying [a]ppellant's Post-Trial Motion for Compulsory Relief.

In response, [a]ppellant appealed these rulings to the Superior Court on December 9, 2016. Pursuant to Pa.R.A.P. 1925(b), [the trial court] issued an order on December 12, 2016, directing [a]ppellant "to file of record with the Prothonotary[,] and serve upon [the trial court] and all parties in interest, a concise and itemized Statement of Errors Complained of not

> late[r] than twenty-one (21) days after the entry of this Order," cautioning [a]ppellant in this order that noncompliance would "be deemed a waiver of issues."

Trial court opinion, 3/1/17 at 1-5 (citations to the record and some footnotes omitted).

Appellant filed her Rule 1925 statement with the Philadelphia County Office of Judicial Records (formerly Office of the Prothonotary) on December 30, 2016; however, the trial court averred that appellant failed to serve her statement upon the trial court until January 9, 2017, thus waiving her issues on appeal. (**See id.** at 5-7.) A previous panel of this court, citing "court closures and vacations around the New Year's holiday," found that appellant "demonstrated good cause to consider her Rule 1925(b) statement as timely filed and delivered to the [trial court] on December 30, 2016." **Murray v. Tripodi**, No. 98 EDA 2017, unpublished judgment order at *4 (Pa.Super. filed January 30, 2018). An earlier panel of this court remanded the case to the trial court so the trial court could file a supplemental Rule 1925(a) opinion addressing the issues raised on appeal, while retaining jurisdiction. The trial court filed its supplemental opinion on March 1, 2018. On February 2, 2018, the panel granted appellant's petition for continuance of oral argument, thus relinquishing jurisdiction. As a result, the case was assigned to this panel.

Appellant raises the following issues on appeal:

> [1.] Did the [t]rial [c]ourt err as a matter of law and abuse its discretion in denying [appellant's]

Motion for Compulsory Non-Suit and Post[-]Trial Motion for Compulsory Non-Suit (JNOV), when recovery should have been barred by the legal doctrine of assumption of risk, based upon the evidence presented in [appellee's] case-in-chief?

[2.] Did the [t]rial [c]ourt err as a matter of law in granting [appellee's] Post-Trial Motion for New Trial on all issues when [a]ppellee waived the right to raise the matter complained of in [appellee's] Post[-]Trial Motion by failing [to] assert grounds therefor at [t]rial, pursuant to Pa.R.C.P. 227.1(b)(1)?

3. Did the [t]rial [c]ourt err as a matter of law and abuse its discretion by disturbing the [j]ury's verdict on damages by granting [appellee's] Post-Trial Motion for New Trial on damages only?

Appellant's brief at 3.[2]

In her first issue, appellant avers that the trial court abused its discretion when it denied her post-trial motion for JNOV. While appeals of denials of motions for JNOV are interlocutory and generally non-appealable until a judgment has been ordered and docketed, a denial of a motion for JNOV will be reviewed on appeal in cases where a new trial is granted. *See Buck v. Scott Township*, 472 A.2d 691, 693 (Pa.Super. 1984).

---

[2] The first issue listed in appellant's brief addressed whether appellant's appeal should be quashed due to her alleged failure to timely serve the trial court with her Rule 1925(b) statement. As noted above, a previous panel of this court disposed of this issue, and we need not include it with appellant's other issues raised on appeal. We have re-numbered appellant's remaining issues accordingly. For ease of discussion, we have also re-ordered appellant's remaining issues.

The standard governing motions for JNOV is as follows:

> There are two bases upon which a [JNOV] can be
> entered:  one, the movant is entitled to judgment as
> a matter of law, and/or two, the evidence was such
> that no two reasonable minds could disagree that the
> outcome should have been rendered in favor of the
> movant.  With the first, a court reviews the record and
> concludes that with all factual inferences decided
> adverse to the movant the law nonetheless requires a
> verdict in his favor, whereas with the second, the
> court reviews the evidentiary record and concludes
> the evidence was such that a verdict for the movant
> was beyond peradventure.

***Mirizio v. Joseph***, 4 A.3d 1073, 1079 (Pa.Super. 2010), ***appeal denied***, 14

A.3d 829 (Pa. 2010), quoting ***Holt v. Navarro***, 932 A.2d 915, 919 (Pa.Super.

2007), ***appeal denied***, 951 A.2d 1164 (Pa. 2008).

In cases involving JNOV, we have repeatedly cautioned that:

> JNOV, however, may **not** be employed to invade the
> province of the jury.  Thus, when there is a question
> of fact to be resolved, it is within the sole purview of
> the jury.  JNOV should not be entered where evidence
> is conflicting upon a material fact.  Thus, where the
> jury has been presented with conflicting evidence, a
> motion for JNOV should be denied.

***Renninger v. A & R Machine Shop***, 163 A.3d 988, 995 (Pa.Super. 2017),

***appeal denied***, 179 A.3d 7 (Pa. 2018), quoting ***Rohm & Haas Co. v. Cont'l***

***Cas. Co.***, 732 A.2d 1236, 1248 (Pa.Super. 1999), ***affirmed***, 781 A.2d 1172

(Pa. 2001) (emphasis in original).

Specifically, appellant avers that the legal doctrine of assumption of the

risk bars appellee from recovery and that the trial court "committed an error

J. A12041/18

of law and abused its discretion by not granting [appellant's] Motion[s] for a

Compulsory Non-Suit [and JNOV.]" (Appellant's brief at 17.)

> Assumption of the risk is established as a matter of law only where it is beyond question that the plaintiff voluntarily and knowingly proceeded in the face of an obvious and dangerous condition. Voluntariness is established only when the circumstances manifest in a willingness to accept the risk. Mere contributory negligence does not establish assumption of the risk. Rather, a plaintiff has assumed the risk where he has gone so far as to abandon his right to complain and has absolved the defendant from taking any responsibility for the plaintiff's injuries. In order to prevail on assumption of the risk, the defendant must establish both the awareness of the risk and the voluntariness prong.
>
> . . . .
>
> A trial court should not, therefore, decide the issue as one of duty or lack thereof; instead, the issue should go to the jury as one of comparative negligence. As noted in the comment to the Restatement [(Second) of Torts] discussing implied assumption of risk, "Since interpretation of conduct is seldom so clearly indicated that reasonable men could not differ as to the conclusion, it is ordinarily a question for the jury whether what the plaintiff has done is a manifestation of willingness to accept the risk." Restatement (Second) of Torts § 496C cmt. h (1965).

**Staub v. Toy Factory, Inc.**, 749 A.2d 522, 529-530 (Pa.Super. 2000)

(**en banc**). The **Staub** court also noted that under such an approach,

"assumption of the risk would no longer be part of the jury's deliberations or

instructions." **Id.** at 527, quoting **Howell v. Clyde**, 620 A.2d 1107, 1113

(Pa. 1993) (plurality).

In light of this court's decision in **Staub**, we find that the trial court did not abuse its discretion when it denied appellant's motion for compulsory nonsuit. We further find that the trial court did not abuse its discretion when it sent the case to the jury as a comparative negligence issue. Accordingly, appellant's first issue is without merit.

Appellant next contends that the trial court erred when it granted appellee's motion for post-trial relief, averring that appellee waived the issue by failing to object pursuant to Pennsylvania Rule of Civil Procedure 227.1. Specifically, appellant argues that appellee should have objected to the jury's verdict pursuant to Rule 227.1(b)(1). (**See** appellant's brief at 30.) Appellant further contends that a "ground for new trial or [JNOV] may not be raised for the first time in the [m]otion for [p]ost-[t]rial [r]elief." (**Id.**)

Rule 227.1(b)(1) states, as follows,

> (b)   Except as otherwise provided by Pa.R.E. 103(a)[], post-trial relief may not be granted unless the ground therefor,
>
> (1)   If then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial . . .

Pa.R.Civ.P. 227.1(b)(1).

Aside from Rule 227, the only other authority to which appellant cites is our supreme court's decision in **Dilliplaine v. Lehigh Valley Trust Co.**, 322 A.2d 113 (Pa. 1974). In **Dilliplaine**, our supreme court held that because the

appellant "failed to specifically object to the trial court's [jury] instruction on presumption of due care," the issue was waived on appeal. *Id.* at 117. As stated by the trial court,

> Generally, a party waives the right to ask for [a] new trial by not objecting to problems with a verdict before the jury is dismissed. *Picca v. Kriner*, [645 A.2d 868, 872 (Pa.Super. 1994), *appeal denied*, 651 A.2d 540 (Pa. 1994)]. However, "the *Picca* waiver rule is only applicable to cases in which a litigant's failure to object to improper or ambiguous jury instructions or interrogatories causes an inconsistent verdict. The waiver rule should not be applied to cases in which the verdict is clear and unambiguous, albeit problematic, troublesome or disappointing." *Gorski v. Smith*, 812 A.2d 683[, 707] (Pa.Super. 2002), [*appeal denied*, 856 A.2d 834 (Pa. 2004),] quoting *King v. Pulaski*, 710 A.2d 1200, 1204 (Pa.Super. 1998).

Supplemental trial court opinion, 3/1/2018 at unnumbered page 4.

Upon our review of the record, we find that the trial court's instructions to the jury were proper and unambiguous. (*See* notes of testimony, 8/31/16 at 190-218.) We agree with the trial court's determination that the jury's verdict was "clear and unambiguous," as the jury unanimously found appellant to be 100% negligent. (*Id.* at 222-223.) Accordingly, appellee did not waive the right to request a new trial by failing to object to the verdict before the jury was dismissed, and appellant's second issue is without merit.

Because we found that appellee did not waive his right to request a new trial limited only to damages, we shall now decide appellant's third issue. In her third and final issue on appeal, appellant avers that the trial court abused its discretion when it granted appellee's motion for a new trial limited only to

damages. In the instant case, the jury returned a verdict awarding appellee $2,729 in damages for medical expenses; however, the jury did not award appellee any damages for pain and suffering. (*Id.* at 221-224.) Appellant contends that "[c]redibility as to pain and suffering was called into question during the inconsistent testimony provided by [appellee], which ultimately led the [j]ury to . . .[,] as it was permitted to do, [] disbelieve [appellee] on the issue of compensable pain and suffering." (Appellant's brief at 26.) Put another way, appellant appears to be arguing that the jury reached a compromise verdict, and was permitted to do so, by awarding no damages for pain and suffering. For the foregoing reasons, we do not agree.

Our cases have stated the following pertaining to compromise verdicts:

> [W]here a substantial conflict exists on the question of liability, such that a low verdict might indicate that the jury compromised the liability issue with the amount of damages awarded, it is an abuse of discretion for the lower court to grant a new trial limited to damages.

***Kindermann v. Cunningham***, 110 A.3d 191, 195 (Pa.Super. 2015), ***appeal denied***, 119 A.3d 351 (Pa. 2015), quoting ***Gagliano v. Ditzler***, 263 A.2d 319, 321 (Pa. 1970) (citation omitted). In ***Carlson v. Bubash***, 639 A.2d 458, 460 (Pa.Super. 1994), this court held that "notwithstanding a finding of comparative negligence, when liability is contested and conflicting testimony is presented, compromise verdicts are permissible to establish an amount that the jury determined would justly compensate a plaintiff for his loss." ***Id.***, quoted by ***Kindermann***, 110 A.3d at 194.

While a jury is permitted to reach a **compromise** verdict, it is not permitted to reach an **inconsistent** verdict. In *Fischer v. Troiano*, 768 A.2d 1126 (Pa.Super. 2001), the plaintiff sustained a compression fracture to the T-11 vertebra. *Id.* at 1130. The jury awarded the plaintiff damages totaling $24,588.73 for medical expenses but did not award any damages for pain and suffering. *Id.* at 1128. The jury also found the plaintiff to be 40% negligent. *Id.* The plaintiff filed a post-verdict motion for a new trial limited only to damages, which the trial court granted. *Id.* The defendants filed an appeal to this court.

On appeal, we restated the following pertaining to pain and suffering damages:

> Tort victims must be compensated for all that they lose and all that they suffer. Where a jury awards a plaintiff his medical expenses, they make a finding that the expenses were related to the defendant's actions in injuring the plaintiff. However, by not awarding any pain and suffering, the jury also makes a finding that the plaintiff did not suffer as a result of his injuries and subsequent surgery. Such findings are inherently inconsistent.

*Id.* at 1129, quoting *Dougherty v. McLaughlin*, 637 A.2d 1017, 1019 (Pa.Super. 1994).[3] The *Fischer* court also noted that "a broken bone is the

---

[3] The jury in *Dougherty* awarded the plaintiff the exact amount of his medical expenses in damages, but failed to award any damages for pain and suffering. *Fischer*, 768 A.2d at 1129. The *Dougherty* jury found the plaintiff to be 44% causally negligent for his injuries. *Id.*

- 13 -

type of injury which human experience teaches us is accompanied by pain."

*Fischer*, 768 A.2d at 1130.

The *Fischer* court also addressed whether the jury had reached a compromise verdict. Specifically, the court stated that it was beyond dispute that the plaintiff suffered a compression fracture of the T-11 vertebra, that she was hospitalized as a result of her injury, and that her injury required a three-month healing period. *Id.* at 1132. The court found that the jury,

> disregarded the trial court's instruction requiring them to compensate [the plaintiff] for her pain and suffering, loss of enjoyment of life and humiliation if they found [the defendants] liable. Therefore, in situations such as this, when a jury awards damages for medical expenses, it must also award some damages for pain and suffering which would naturally accompany the injury.

*Id.*

The remedy for this issue is a new trial limited only to damages. Our more recent cases indicate that for a court to order a new trial limited only to damages, the following conditions must be met:

> "New trials may be limited to specific issues only when this procedure will be fair to both parties. Where the question of negligence or contributory negligence is not free from doubt, it is an abuse of discretion for the trial judge to grant a new trial on the issue of damages alone." *Gagliano*, 263 A.2d at 320; *Nogowski v. Alemo-Hammad*, 691 A.2d 950, 958 (Pa.Super. 1997). Specifically: a trial court may grant a new trial limited to the issue of damages only where (1) the question of liability is not intertwined with the question of damages, and (2) the issue of liability is either (a) not contested or (b) has been fairly determined so that no substantial complaint can be

- 14 -

> made with respect thereto. ***Gagliano***, 263 A.2d at 320; ***see also Mirabel v. Morales***, 57 A.3d 144, 152 (Pa.Super. 2012).

***Kindermann***, 110 A.3d at 193, quoting ***Banohashim v. R.S. Enters., LLC***, 77 A.3d 14, 23 (Pa.Super. 2013). "Our Supreme Court has stated that liability is not intertwined with damages when the question of damages is readily separable from the issue of liability." ***Mirabel v. Morales***, 57 A.3d 144, 152 n.8 (Pa.Super. 2012), quoting ***Troncatti v. Smereczniak***, 235 A.2d 345, 246 (Pa. 1967).

Here, we find that the nature of appellee's injuries and the amount he is owed to compensate him for his injuries are not related and are readily separable. ***See Mirabel***, 57 A.3d at 152 n.8. Additionally, the jury fairly determined the issue of liability when it found appellant 100% liable to appellee. Accordingly, the issues of liability and damages are not intertwined, and appellee has met the requisite threshold to be granted a new trial limited only to damages.

We must now determine whether the jury returned an inconsistent verdict when it awarded appellee no damages for pain and suffering. It is beyond dispute that appellee sustained a fractured right ankle. (Notes of testimony, 8/31/16 at 82.) As the ***Fischer*** court noted, "a broken bone is the type of injury which human experience teaches us is accompanied by pain." ***Fischer***, 768 A.2d at 1130. Accordingly, we find that the jury returned an inconsistent verdict by not awarding appellee any damages for pain and

suffering, and the trial court did not abuse its discretion when it granted appellee's post-trial motion for a new trial limited only to damages.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/16/18