J-A20041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHRISTOPHER LUCENTE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES EDWARD WARREN, JR. | : | No. 63 WDA 2018 |

Appeal from the Judgment Entered December 19, 2017
in the Court of Common Pleas of Erie County,
Civil Division at No(s):  10099-2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED OCTOBER 18, 2018**

Christopher Lucente ("Lucente") appeals from the Judgment entered in his favor and against Charles Edward Warren, Jr. ("Warren"), in this negligence/assault action.  We vacate the judgment and remand for a new trial limited to the issue of damages.

On the evening of June 26, 2014, Lucente and Warren engaged in a verbal altercation in the kitchen of Warren's parents' home, located in Erie County, wherein both Lucente and Warren resided.  Eventually, the parties exited the home and went into the yard.  It is undisputed that Warren then picked up a tree branch and struck Lucente with it, injuring his left wrist. Warren also threw Lucente to the ground.

After the police were called and responded to the scene, Lucente was taken to the hospital for treatment.  Lucente suffered a fracture and puncture

wound to his left wrist.[1]  Additionally, Lucente claimed that he had suffered

bruising to his head and back from the altercation.

In January 2016, Lucente filed a Complaint against Warren, alleging

negligence and assault and battery.  Lucente sought damages for past medical

expenses, pain and suffering, "mental suffering," lost wages and earning

capacity, loss of enjoyment of life, and disfigurement.  Warren thereafter filed

and Answer and New Matter.[2]

The matter proceeded to a jury trial on November 6, 2017.  Both Lucente

and Warren testified, and contested liability and who was the aggressor.

Lucente presented Doctor Cermak's deposition testimony in support of the

damages claims for pain and suffering/lost wages.  Notably, Doctor Cermak

testified that "[e]very time you break a bone, it's going to be painful …."  N.T.,

_____

[1] Specifically, Lucente's treating physician, Mary Beth Cermak, M.D. ("Doctor Cermak"), a hand surgeon, stated that Lucente had suffered a transverse fracture to his left wrist, and an "inside out puncture wound" (*i.e.*, the fractured bone punctured through the skin of Lucente's forearm).  **See** N.T., 11/7/17, Plaintiff's Deposition Exhibit 1 at 9, 12-13.

[2] In his pleadings and at trial, Warren claimed that he had acted in self-defense in striking Lucente with the branch.  Warren alleged that Lucente was the aggressor.  According to Warren, Lucente, during the initial verbal altercation, had picked up a screwdriver and threatened to stab Warren.  Warren claimed that he struck Lucente in the wrist with the branch in order to disarm him of the screwdriver.  Lucente denied this account, maintaining that he never threatened to stab Warren.  Lucente alleged that he picked up the screwdriver only after Warren had threatened to beat him with a branch.

11/7/17, Plaintiff's Deposition Exhibit 1 at 24.[3]  Lucente also testified to the pain that he had suffered and the wages that he had lost due to his injuries. Warren did not present any witnesses aside from his own testimony, nor did he contest the testimony of Doctor Cermak, the extent of Lucente's injuries, or the pain Lucente alleged he had suffered.

At the close of trial, the jury entered a verdict in favor of Lucente and awarded him $2,976 in total damages.  Specifically, the jury awarded him $2,304 for past wage loss and $672 for past medical expenses.  Importantly to the instant appeal, the jury did not award *any* damages for pain and suffering.[4]  The jury additionally found that Lucente was 50% contributorily negligent.  Accordingly, the trial court molded Lucente's damages award to $1,488.

On November 13, 2017, Lucente filed a Motion for post-trial relief. Therein, he requested a new trial on damages, and moved for judgment

_____

[3] Additionally, Doctor Cermak testified that it would take a "fair amount of force" to cause such a fracture.  *See* N.T., 11/7/17, Plaintiff's Deposition Exhibit 1 at 13.  Doctor Cermak recounted that Lucente had expressed feeling pain in his wrist during his course of treatment.  *Id.* at 24.  Doctor Cermak stated that she had Lucente's arm in a splint and cast for approximately three months after the incident, and that even after this time, Lucente's left hand was still experiencing swelling and a limited range of motion.  *Id.* at 15-20. Additionally, Doctor Cermak directed that Lucente should not go to back work until the fracture had healed, and she cleared him to return to work in October 2014.  *Id.* at 14, 18-22.

[4] On the verdict slip, which separately enumerated each of the specific types of damages Lucente had claimed, the jury foreperson wrote "$0" next to the item of pain and suffering damages.  Additionally, the jury awarded "$0" for mental suffering, loss of enjoyment of life, or disfigurement.

notwithstanding the verdict ("JNOV"). According to Lucente, the jury's verdict was against the weight of the evidence insofar as the jury awarded him nothing for pain and suffering, and an inadequate amount for past wage loss. Warren filed a Response to the Motion. By an Order entered on December 4, 2017, the trial court denied Lucente's Motion.

On December 19, 2017, the Prothonotary entered judgment in favor of Lucente in the amount of $1,488. Lucente timely filed a Notice of Appeal. In response, the trial court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Lucente timely filed a Concise Statement.[5] However, the trial court did not issue a Rule 1925(a) opinion, nor did it previously detail its reasons for denying Lucente's Motion for post-trial relief, which has complicated our review.

Lucente presents the following issues on appeal:

I.   Whether the [] trial court erred in denying [Lucente's] Motion for a new trial and/or JNOV[,] where the jury awarded sums for wage loss and a medical lien[,] but zero for physical pain and mental suffering[?]

II.  Whether the [] trial court erred in denying [Lucente's] Motion for a new trial and/or JNOV[,] where the jury awarded sums for wage loss that bears no reasonable relation to the evidence and loss suffered[?]

---

[5] We pause to note our disapproval of Lucente's Concise Statement, which is five pages long and largely in narrative form. *See* Pa.R.A.P. 1925(b)(4)(iv) (providing that "non-redundant … issues [must be] set forth in an appropriately concise manner[.]").

Brief for Appellant at 4 (capitalization omitted).

> Our review of [a] trial court's denial of [a] motion for post-trial relief is limited to determining whether the trial court abused its discretion or committed an error of law. … On questions of law, our standard of review is *de novo* and our scope of review is plenary.

***Zaleppa v. Seiwell***, 9 A.3d 632, 635 (Pa. Super. 2010) (internal citations and quotation marks omitted); ***see also Deeds v. Univ. of Pa. Med. Ctr.***, 110 A.3d 1009, 1012 (Pa. Super. 2015) (citation omitted) (stating that "[t]he power to grant a new trial lies inherently with the trial court[,] and we will not reverse its decision absent a clear abuse of discretion or an error of law which controls the outcome of the case."); ***Egan v. USI Mid-Atlantic, Inc.***, 92 A.3d 1, 19-20 (Pa. Super. 2014) (setting forth the standard of review for a motion for JNOV).

In reviewing a party's request for a new trial on damages due to the inadequacy of a jury's verdict, we are mindful that

> [t]he responsibility for controlling the amount of a verdict is vested with the trial court, which is in a better position than an appellate court to assess the facts in the context of the atmosphere surrounding the case and thereby to ensure justice. A verdict may not be disturbed because the evidence is conflicting or because the court would have reached a different conclusion; rather, the award of a new trial based upon inadequacy of a verdict is proper only where the jury's finding appears to have resulted from passion, prejudice, partiality, or corruption, or where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff.

***K.H. v. J.R.***, 826 A.2d 863, 875 (Pa. 2003) (internal citations and quotation marks omitted); ***see also Kindermann v. Cunningham***, 110 A.3d 191, 193

(Pa. Super. 2015) (stating that "a trial court may grant a new trial limited to the issue of damages only where (1) the question of liability is not intertwined with the question of damages, and (2) the issue of liability is either (a) not contested or (b) has been fairly determined so that no substantial complaint can be made with respect thereto." (citation omitted)).

In his first issue, Lucente argues that the trial court erred in denying his request for a new trial limited to the issue of damages, where the jury's failure to award him any damages for pain and suffering was against the weight of the evidence, and bore no reasonable relation to the uncontroverted evidence presented on this matter. **See** Brief for Appellant at 13-18. According to Lucente, where he presented evidence that Warren had caused him to suffer a wrist bone fracture and puncture wound, which Dr. Cermak testified would have caused Lucente pain, the jury's failure to award him any amount for pain and suffering was improper and contrary to the evidence. **Id.** at 14 (citing, *inter alia*, **Burnhauser v. Bumberger**, 745 A.2d 1256, 1261 (Pa. Super. 2000) (stating that "jury verdicts awarding zero damages are against the weight of the evidence[,] where undisputed medical evidence reveals that the plaintiff has suffered injuries in the accident that were of a type normally associated with pain and suffering.")).

Warren counters that the lack of an award for pain and suffering damages was not against the weight of the evidence, where (1) the issue of liability was hotly contested; (2) the jury found that Lucente was 50%

contributorily negligent; and (3) the jury was permitted to render a compromise verdict, and to award no damages for pain and suffering. *See* Brief for Appellee at 10-15 (relying upon, *inter alia*, *Dawson v. Fowler*, 558 A.2d 565, 567 (Pa. Super. 1989) (stating that "seemingly low and unfair jury verdicts are nevertheless adequate when the jurors are presented with conflicting testimony on *liability*, contributory negligence, or degree of injury." (emphasis added))).

Our Pennsylvania Supreme Court has held that "where a substantial conflict exists on the question of liability, such that a low verdict might indicate that the jury compromised the liability issue with the amount of damages awarded, it is an abuse of discretion for the lower court to grant a new trial limited to the issue of damages." *Gagliano v. Ditzler*, 263 A.2d 319, 320 (Pa. 1970); *see also Kindermann*, 110 A.3d at 194 (explaining that "a compromise verdict is one where the jury, in doubt as to defendant's negligence or plaintiff's freedom from contributory negligence, brings in a verdict for the plaintiff but in a smaller amount than it would have if these questions had been free from doubt."). Moreover, this Court has explained that "notwithstanding a finding of comparative negligence, when liability is contested and conflicting testimony is presented, compromise verdicts are permissible to establish an amount that the jury determined would justly compensate a plaintiff for his loss." *Carlson v. Bubash*, 639 A.2d 458, 460 (Pa. Super. 1994); *see also Kindermann*, 110 A.3d at 195 (stating that

"[c]ompromise verdicts, by definition, reflect the jury's give and take on liability issues, resulting in damage awards that do not necessarily resemble the damages proved.").

However, while a jury is permitted to render a compromise verdict, it is not permitted to render an **inconsistent** verdict. *See Fischer v. Troiano*, 768 A.2d 1126 (Pa. Super. 2001). We conclude that, here, our disposition of Lucente's issue is controlled by *Fischer* and its precursors.

In *Fischer*, the plaintiff (hereinafter "Mrs. Fischer") fell while a guest at the defendants' home, which caused her to suffer a compression fracture to one of her thoracic vertebrae. *Id.* at 1128. Mrs. Fischer was subsequently admitted to the hospital for seven days, and administered pain medication for pain management. *Id.* at 1130. It was undisputed that Mrs. Fischer's compression fracture was caused by the fall. *Id.* After a trial, the jury found that the defendants were negligent. *Id.* at 1128. However, the jury attributed 60% of the causal negligence to the defendants, and the remaining 40% to Mrs. Fischer and her husband. *Id.* The jury awarded Mrs. Fischer approximately $25,000 (prior to the downward molding of the verdict) for her past medical expenses. *Id.* Notably, however, the jury did not award her *any* damages for pain and suffering, which she had sought in her Complaint. *Id.* Mrs. Fischer filed a Motion for a new trial limited to damages, claiming that she was entitled to pain and suffering damages, where she had suffered an injury of the type that would normally cause pain and suffering. *Id.* The trial

court granted Mrs. Fischer's Motion, in response to which the defendants appealed. *Id.*

This Court, in holding that the trial court properly awarded Mrs. Fischer a new trial on damages, stated, in relevant part, as follows:

> We find the instant case is controlled by our holding in ***Dougherty v. McLaughlin***, 432 Pa. Super. 129, 637 A.2d 1017 (Pa. Super. 1994). In ***Dougherty***, the appellant was involved in an accident while a passenger in a vehicle driven by the appellee. Appellant presented uncontradicted medical evidence at trial of his two-day hospitalization and extensive injuries[,] which included injuries to the face, neck and head[,] resulting in permanent scarring and nerve damage. The jury returned a verdict in favor of appellant. ***Dougherty***, 637 A.2d at 1018. The jury attributed 56% causal negligence to the appellee and 44% causal negligence to the appellant. The jury awarded damages in the exact amount of the appellant's unreimbursed medical costs. However, it made no award for pain and suffering. ***Id.*** On appeal, this Court found a new trial should be granted on the grounds of inadequacy of damages. The Court stated:
>
> > Tort victims must be compensated for all that they lose and all that they suffer. Where a jury awards a plaintiff his medical expenses, they make a finding that the expenses were related to the defendant's actions in injuring the plaintiff. However, by not awarding any pain and suffering [damages], the jury also makes a finding that the plaintiff did not suffer as a result of his injuries …. *Such findings are inherently inconsistent*.
>
> 637 A.2d at 1019 (citations omitted) [(emphasis added)]. The Court found the nature of the appellant's injuries indicated at least some pain and suffering. It concluded [that] the [jury's] failure to award damage[s] for pain and suffering was clearly inconsistent with its award of medical expenses[,] resulting in an inadequate verdict. ***Id.***[; *s*]*ee also*[] ***Davis, supra***[] (holding trial court erred in denying appellant's motion for new trial[, where] jury's limited award of medical costs and damage to personal property improperly indicated the appellant did not suffer from his claimed injuries); ***Burnhauser*** …, 745 A.2d [at 1261] … (holding trial court properly granted new trial on the issue of damages when

- 9 -

the appellee suffered injuries of the type that normally involve pain and suffering[,] and the jury awarded damages limited to the amount of her unreimbursed medical expenses); ***Neison***[ ***v. Hines***, 653 A.2d 634, 638 (Pa. 1995)] (holding trial court properly granted new trial when evidence established appellant suffered painful injuries as a result of accident and jury's decision to award no damages for pain and suffering did not bear a reasonable relationship to the evidence produced at trial).

* * *

Although liability was contested in this case, it is undisputed [that] Mrs. Fischer suffered a compression fracture to the T-11 vertebrae. Clearly[,] *a broken bone is the type of injury which human experience teaches us is accompanied by pain*. ***Boggavarapu v. Ponist***, 518 Pa. 162, 167, 542 A.2d 516, 518 (1988). The record reflects [that] the nature of Mrs. Fischer's injury indicates at least some pain and suffering. ***See Dougherty***, ***supra***. It clearly appears from the *uncontradicted* medical evidence that the amount of the verdict bears no reasonable relation to the loss suffered by Mrs. Fischer[,] as it only accounted for her medical expenses. Therefore, we find *the jury's determination that Mrs. Fischer did not suffer as a result of her injury is inherently inconsistent*. Accordingly, the trial court properly granted Mrs. Fischer's Motion For New Trial On Damages Only.

***Fischer***, 768 A.2d at 1129-31 (emphasis added).

Like ***Fischer***, though liability was contested in the instant case, it is undisputed that Lucente suffered a broken wrist bone and puncture wound, which "is the type of injury which human experience teaches us is accompanied by pain." ***Id.*** at 1130. Moreover, the record reflects that "the nature of [Lucente's] injury indicates at least some pain and suffering." ***Id.***; ***see also, e.g.,*** N.T., 11/7/17, Plaintiff's Deposition Exhibit 1 at 24 (wherein Doctor Cermak testified that "[e]very time you break a bone, it's going to be painful …."). Warren did not contest the testimony of Doctor Cermak and/or

Lucente that Lucente's bone fracture, which punctured his skin and took at least three months to heal, caused Lucente pain. Therefore, because the jury awarded Lucente past medical expenses but nothing for pain and suffering, the verdict is impermissibly inconsistent,[6] and the trial court thus erred in failing to grant Lucente a new trial limited to damages. *See Fischer*, 768 A.2d at 1130-31; *see also Dougherty*, 637 A.2d at 1019; *cf. Kindermann*, 110 A.3d at 195 (where the jury returned a compromise verdict for the injured plaintiff in his negligence action, and found the plaintiff 50% contributorily negligent, holding that, as the parties had contested liability for the injury and plaintiff was found to be contributorily negligent, the jury's "**general** damage award of $10,000" should not be disturbed, and further stating that "we [cannot] assume, as [plaintiff] assumes, that the general damage award did not encompass damages for pain and suffering." (emphasis added)).

In so holding, we observe that the cases upon which Warren relies in contesting Lucente's claim are distinguishable, including the decision in *Dawson*, *supra*. In that case, the plaintiff alleged that he sustained foot and toe injuries when his motorcycle collided with the defendant's vehicle. *Dawson*, 558 A.2d at 566. Plaintiff sought damages for pain and suffering, past medical expenses (in the amount of approximately $400), and lost

---

[6] Additionally, as was the situation in **Fischer**, we determine that "the jury disregarded the trial court's instruction requiring them to compensate [Lucente] for h[is] pain and suffering … if they found [Warren] liable." **Fischer**, 768 A.2d at 1132; **see also** N.T. (jury instructions), 11/7/17, at 46.

wages. *Id.* At the conclusion of a jury trial, the trial court instructed the jury, in response to a jury question, that any damages award rendered for plaintiff "included lost wages and pain and suffering." *Id.* The jury returned a verdict for plaintiff for approximately $400 (*i.e.*, the claimed amount of past medical expenses), but found that plaintiff was 50% contributorily negligent. *Id.* On appeal, this Court held that the trial court properly denied plaintiff's post-trial motion requesting a new trial limited to damages based upon the purportedly inadequate verdict. *Id.* at 567. The Court pointed out that the parties had vigorously contested liability for plaintiff's injuries at trial, and emphasized that even "seemingly low and unfair" jury verdicts are adequate and sustainable where the jurors were presented with conflicting testimony on liability. *Id.* Notably, however, the ***Dawson*** Court held that "the degree of [plaintiff's] injury, and any resultant pain and suffering, were **subject to question**." *Id.* (emphasis added); ***see also id.*** (pointing out that plaintiff had vaguely testified that, following the accident, he was treated at the hospital for "some sort of fracture of the left great toe" and released, and subsequently experienced "uncomfortable pain in my heel and my lower left ankle"); ***cf. Fischer***, 768 A.2d at 1131-32 (distinguishing ***Dawson*** on the basis that the ***Fischer*** jury, unlike the ***Dawson*** jury, "ignored the medical evidence presented which supported [a finding that] Mrs. Fischer suffered from an objective injury which produced a compensable pain from a known medical source."). In the instant case, unlike in ***Dawson***, Lucente presented

*uncontradicted* expert medical evidence establishing his objective injury, and Warren did not contest the extent of Lucente's injuries or pain suffered.

Accordingly, we vacate the Judgment entered in favor of Lucente and remand for a new trial limited to the issue of damages.[7]

Judgment vacated; case remanded for further proceedings consistent with this Memorandum; jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/18/2018

---

[7] Because we have granted Lucente relief on his first issue, we need not address his second issue.